In re Todor NELKOVSKI and Zora Nelkovski, Debtors.

Bankruptcy No. 84 B 15237.

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 31, 1985.

Jerome Kornfeld, Chicago, Ill., for debtors.

Allen M. Anderson, Elgin, Ill., for Union National Bank.

Righeimer, Martin, Bridewell & Cinquino, P.C., Chicago, Ill., for St. Paul Federal Bank for Savings.

Craig Phelps, Trustee.

Willard B. Widerberg, Elgin, Ill., for Home Federal Svgs. & Loan.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Presently before the court are three creditors' motions to dismiss the above-captioned Chapter 13 proceedings. All three motions are brought pursuant to section 109(f) which is part of the July, 1984 amendments to the Bankruptcy Code of 1978. All motions involve the construction which this court will place upon section 109(f) of the Code.

## DISCUSSION

Section 109(f) of the Bankruptcy Code provides:

(f) Notwithstanding any other provisions of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief

from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(f) (West 1984).

The purposes behind Chapter 13 and section 109(f) must govern interpretation of the provision. First, there is a strong national policy favoring rehabilitation of debtors behind Chapter 13. S.Rep. No. 95–989, 95th Cong.2d Sess. *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5799.

Second, Congress sought to prevent abuse of the Bankruptcy Code by successive filings when it amended the Code by adding section 109(f). S.Rep. No. 98–353 98th Cong.2d Sess. 6, *reprinted in* 1984 U.S.Code Cong. & Admin.News 590, 597.* The court must necessarily bear those purposes in mind when presented with motions under this section. Those purposes mandate that the court review the factual circumstances of each such matter brought before it.

The *Nelkovski* case involves a history of repeated filings under various chapters of the Code. No mortgage payments have been made to one creditor since 1981. Another has received no payments since 1983. Zora Nelkovski filed a Chapter 11 proceeding in which no plan has been proposed although the action had been pending for over two years. That proceeding was dismissed on November 28, 1984. On that same date, the previous Chapter 13 petition of Todor Nelkovski was dismissed for failure to make mortgage payments during the pendency of the proceeding, failure to file a plan, and failure to attend the first meeting of creditors.

██ Although not alleged in the pleadings, the debtor's attorney has asserted that section 109(f) should not apply to a case in which the previous case was filed prior to the date on which the amendment

---

* "The number of consumer bankruptcy cases filed has risen dramatically each year since the Bankruptcy Code was last amended in 1978. Several witnesses before the Senate Judiciary Committee pointed to these changes in the Code as the principal cause for the increase. The 1978 amendments generally eased a debtor's access to bankruptcy to avoid excessive indebtedness. Title II contains over 30 substantive

amendments to curb abusers of the bankruptcy code and make its use truly a last resort.

An example of the types of reform included in Title III is the provision which addresses the subject of repetitive filings. A debtor would not be eligible for bankruptcy relief if a prior case filed by the same debtor had been dismissed within 180 days for failure to appear at a meeting of creditors or for failure to follow orders."

became effective. That argument is without merit. First, the relevant date would be the date of dismissal of the previous case. If a case were dismissed prior to the amendments becoming effective, then arguably, the debtor may not have contested the dismissal. However, it is the conduct which formed the basis of the previous dismissal which is relevant to a determination under section 109(f). Therefore, if a previous dismissal order was premised upon a mistaken fact, a debtor must have that order vacated. Otherwise, the policy considerations behind section 109(f) require that the statute apply so long as the present case was filed after the amendments took effect. Obviously, the date on which the previous case was filed is irrelevant to this determination.

One creditor herein, Home Federal, has alternatively moved for denial of confirmation on the grounds that the plan has not been proposed in good faith as mandated by § 1325(a)(3). While this court notes that the standards of § 109(f) are markedly different, it also notes that § 109(f) implies that protection of the bankruptcy laws should be extended only to the debtor who behaves in good faith, thus preventing the abuses mentioned in the legislative history of the amendment. The court concludes that in enacting § 109(f), Congress intended to formulate a so-called bright line rule which would preclude certain debtors from refiling within 180 days. However, the language of the section is such that the court must make case-by-case determinations premised upon a factual inquiry.

Various creditors herein have argued that following a motion to lift the stay, a debtor's failure to oppose a motion to dismiss constitutes a voluntary dismissal "requested and obtained" by the debtor as set forth in subsection 109(f)(2). This construction would prevent refiling if the debtor did not oppose or otherwise object to the motion to dismiss after the creditor had moved to lift the stay. On November 28, 1984, the Nelkovskis appeared and offered no objection to the dismissal of their cases.

■ The court disagrees with the creditors' construction of the statute. Failure to oppose a motion to dismiss cannot be reasonably presumed to equal requesting and obtaining a dismissal. Conversely, the clear language of the subsection seems to indicate that the *debtor* must move for dismissal in order to make this subsection operative. Upon a creditor's motion, the debtor must at least request dismissal. Failure to oppose dismissal, without more, is not enough to bar the debtor from refiling within the 180-day period of 109(f).

■ The creditor's motions to dismiss are also directed to subjection (1) which prohibits refiling by a debtor who has "willfully" failed to abide by orders of court or to properly prosecute his case. Although the definition of willful has been frequently discussed, at the least, the term means "deliberate." *E.g., United Bank of Southgate v. Nelson,* 35 B.R. 766, 770 (N.D.Ill. 1983); *Matter of Hoppa,* 31 B.R. 753 (Bankr.E.D.Wis.1983); *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902). First, this court, in construing the term, will in no instance dismiss a case under this subsection merely because a previous dismissal order contains a recital of the word willful. Further, a mere failure to make a payment under a Chapter 13 plan or failure to appear at the first meeting or a court hearing, will not, in itself, be sufficient to sustain a finding of willful conduct under this subsection.

On the other hand, the court will construe repeated failure to appear or lack of diligence as willful conduct. Repeated conduct strengthens the inference that the conduct was deliberate. Additionally, the court will infer from a pattern of dismissals and refilings in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent. *See, e.g., In re Jones,* 41 B.R. 263, 266 (Bankr.C.D.Calif.1984) (a preamendment case in which the court determined that multiple filings and dismissal clearly abused the bankruptcy process). The court will also enter a dismissal order

under this subsection if a previous order of dismissal contains specific factual findings of willful conduct.

The court finds that this repeated failure to perform under previous plans and failure to appear at the first meeting with no explanation and no showing of changed circumstances constitutes willful failure to abide by orders of the court under section 109(f)(1). Moreover, the repeated pattern of failure to file plans in previous cases constitutes willful failure to prosecute the cases properly.** For those reasons, the present Chapter 13 petition of Todor Nelkovski and Zora Nelkovski should be dismissed.

IT IS THEREFORE ORDERED that the Chapter 13 plan of Todor and Zora Nelkovski is hereby dismissed pursuant to section 109(f)(1) of the Bankruptcy Code.

---

** The debtors assert an enormous equity in some 27 parcels of real property, which may have contributed to their lack of diligence in proposing a plan. The Bankruptcy laws are not intended for asset rich—cash poor debtors to mark time indefinitely, waiting for prices to go up.