**In re Raman C. PATEL, Debtor.**

**Bankruptcy No. 85–00004.**

United States Bankruptcy Court, M.D. Alabama.

Feb. 14, 1985.

Bob E. Allen, Montgomery, Ala., for debtor, Raman C. Patel.

Tom Radney, Alexander City, Ala., for Granger Oil Company, Inc.

Curtis Cleve Reding, trustee.

OPINION ON MOTION TO FILE PETITION, MOTION TO REINSTATE AUTOMATIC STAY, AND ON OBJECTION TO PETITION IN BANKRUPTCY

RODNEY R. STEELE, Bankruptcy Judge.

### ISSUE PRESENTED

Whether a petitioner who has had two prior Chapter 13 cases dismissed for cause is eligible to be a debtor under Title 11, United States Code, Section 109(f) within 180 days of the prior dismissal?

### FINDINGS OF FACT

The facts in this case are uncontroverted. The petitioner, Raman C. Patel, has been the owner of the Cherokee Motel and Flint Hill Grocery in Alexander City, Alabama, since March, 1979. Prior to the motel business, Mr. Patel had owned a shop in Huntsville, Alabama. He filed for a Chapter IV straight bankruptcy in the Northern District of Alabama on September 9, 1977, and was granted a discharge on August 10, 1978. On October 1, 1980, Mr. Patel filed the first of three petitions in bankruptcy under Chapter 13, in the Middle District of Alabama. The first was dismissed by the

court pursuant to Section 1307 on March 14, 1984. On April 25, 1984, a second petition was filed and a second plan confirmed. This case was dismissed on motion of creditors citing Section 1307, on December 28, 1984.

On January 3, 1985, petitioner filed a motion to file a third Chapter 13 petition and a motion to reinstate automatic stay.

Creditor, Granager Oil Company, third mortgagee on the petitioner's motel, filed an objection to this petition.

## CONCLUSIONS OF LAW

The Bankruptcy Amendments and Federal Judgeship Act of 1984 amended Section 109 for eligibility of debtors by the addition of subsection (f), which places restrictions on debtors who file petitions shortly after dismissals. The subsection reads:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) The case was dismissed by the court for wilful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by Section 362 of this title.

Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2557. Pub.L. 97–320, Title VII § 703(d), Oct. 15, 1982, 96 Stat. 1539. Subsec. (f) added by Sec. 301 of Pub.L. 98–353, July 10, 1984, 98 Stat. 333.

Before the passage of Section 109(f), a debtor whose case was dismissed prior to discharge upon his own or a creditor's motion, could refile a new petition immediately thereafter.

Although the benefits of discharge in Chapter 7 and 11 and in Chapter 13 hardship cases were restricted to one discharge every six years, the benefits accruing from Section 362 automatic stay provision were immediately available upon the refiling. Congressional intent to curb abuse of the bankruptcy process by debtors who filed serial petitions which were dismissed for cause was evident in the plain language of subsection (f).

■ Not all repeat petitioners whose cases are dismissed are ineligible. Mere failure to pay under a confirmed plan, even though payment under the plan is an order of the court, does not cause a former debtor to be ineligible. Ineligibility under Section 109(f)(1) requires a finding of "wilful failure to obey an order of the court." On a case by case basis, the court reviews the conduct of the debtor in previous cases to determine whether the totality of the circumstances constitute "wilful failure."

■ In the present case, the petitioner's conduct in his prior cases demonstrates such wilful failure: Within two years of discharge in a liquidation case, debtor filed a Chapter 13 petition. The case was finally dismissed after eight motions to dismiss were filed by the trustee and by unpaid creditors who were under a confirmed plan. The second Chapter 13 filing was dismissed on trustee's and creditors' motions for failure to pay under a confirmed plan. In fact, only one payment was made, although the motion for dismissal was heard and continued to give debtor "one more chance" to catch up under the plan. Creditors have been forced to wait for payments that were never made, while petitioner has prospered. Mr. Patel's petitions show that he has improved his net equity from ($26,657) in 1980 to $80,942 in 1985.

Because this court decides that Mr. Patel is not eligible to be a debtor under Section 109(f) for 180 days following dismissal of his second case, December 28, 1984, it does not reach the question of whether the court would be able to confirm any plan proposed by Mr. Patel. The holding in In re Kitchens, 702 F.2d 885 (11th Cir. 1983) sets out factors to be considered by the bankruptcy court in determining whether a proposed

Chapter 13 plan meets "good faith" requirements of Section 1325(a)(3).

An appropriate order will enter.