**In re Dorothy Louise ALLEN,**
**Debtor in Chapter 13.**

**Bankruptcy No. 87–25706–B.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Nov. 6, 1987.

Charles A. Walt, Memphis, Tenn., for debtor.

R. Lanier Fogg, Memphis, Tenn., for movant.

George W. Stevenson, Memphis, Tenn., trustee.

MEMORANDUM OPINION
AND ORDER

RE: MOTION TO DISMISS CHAPTER 13 PETITION AND FOR RELIEF FROM AUTOMATIC STAY

WILLIAM HOUSTON BROWN,
Bankruptcy Judge.

This cause is before the Court on the Motion to Dismiss the Debtor's Chapter 13

Petition and for Relief from the Automatic Stay filed by Jones Furniture Company (Jones). At issue is whether this Debtor is precluded from Chapter 13 relief by the language of 11 U.S.C. § 109(g)(1). The following constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

The record reflects that this Debtor incurred an obligation to Jones during an earlier Chapter 13 case, initiated in 1980. The obligation was incurred post-petition with the Court's permission and therefore was not discharged along with her other debts upon completion of that plan on June 17, 1986.

The record further reflects that the Debtor filed her original 1987 Chapter 13 Petition on March 23rd. The first meeting of creditors was scheduled for April 21, 1987. The Debtor failed to appear at the first meeting and, as is customary with the Clerk's Office, a "Final Order Continuing section 341(a) Meeting of Creditors" was entered continuing the meeting until May 5, 1987. The Debtor failed to appear at this meeting as well and her case was dismissed on May 19, 1987.

According to the Debtor's testimony, she was hospitalized for five (5) days with "heart problems" during the latter part of April. Upon release from the hospital she resided at her mother's home for several days of recuperation. No one notified her attorney of her illness. When she finally returned to her own residence, she discovered that she had been mailed a copy of the Order dismissing her case.

Subsequently, on September 14, 1987, the Debtor filed her present Chapter 13 Petition through another attorney.

Jones Furniture Co. (Jones) asserts that the dismissal of the Debtor's initial Chapter 13 case was the result of the Debtor's failure to properly prosecute her case within the meaning of 11 U.S.C. section 109(g)(1). Thus, according to Jones, she should not be permitted to proceed with her present case.

Section 109(g)(1) provides in pertinent part:

(g) Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; ....

The instant facts viewed in light of the above language present questions of whether the word "willful" found in section 109(g)(1) applies to the Debtor's appearance "before the court in proper prosection of the case" as well as "failure to abide by orders of the court" and, if so, whether this Debtor's failure to attend the scheduled meeting of creditors was "willful" within the meaning of the statute.

■ The Court shall first consider the applicability of "willful" to both clauses of section 109(g)(1). Section 109(g)(1) (originally section 109(f)) was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Its central purpose was to curb abusive repetitive filings by individual debtors. See, Sen.Rep. No. 98–65, Committee on the Judiciary, 98th Cong. 1st Sess. 74,103 (April 26, 1983); *In re Fulton*, 52 B.R. 627 at 630, 632 (Bankr.D. Utah 1985); *In re Patel*, 48 B.R. 418 at 419 (Bankr.M.D.Ala.1985). Therefore, although there is no legislative history with regard to the question of whether the word "willful" found at section 109(g)(1) is applicable to both clauses, it is unreasonable to suppose that Congress meant to restrict the eligibility of debtors whose cases were dismissed pursuant to either clause, through no fault of their own. *In re Fulton*, supra at p. 632. This is particularly true in light of the Bankruptcy Code's fundamental policy of promoting a fresh start for honest debtors. As such, it is this Court's conclusion that section 109(g)(1) precludes refiling by debtors within 180 days for *either* willful failure to abide by orders of the court *or* willful failure to

appear before the court in proper prosecution of the case.

As reasoned by the *Fulton* court:

it would not comport with good sense to impose two separate standards: a "willful" standard, involving intent, for failure to abide by orders of the court and a "strict liability" standard, in which intent does not matter, for failure to appear before the court. Such a construction would create an incongruity in the statute that is inconsistent with its underlying purpose.

*Id.*

Turning next to the question of whether the Debtor's failure to appear at the scheduled meetings of creditors was "willful," the Court must interpret "willful" within the meaning of section 109(g)(1). Unfortunately, Congress has provided no specific interpretation in the Code or legislative history. However, it is apparently the consensus of the courts considering the matter that, as it is used here, the term "willful" must be given its "traditional, customary meaning." Moreover this traditional meaning requires at a minimum "deliberate" behavior. See, *In re Ellis*, 48 B.R. 178 at 179 (Bankr.E.D.N.Y.1985); *In re Nelkovski*, 46 B.R. 542 at 544 (Bankr.N.D.Ill.1985); *In re Fulton, supra* at 633.

■ As discussed above, the reason for dismissal of the Debtor's initial Chapter 13 case was her failure to appear at the scheduled meetings of creditors. The evidence at the hearing on this matter reflects that her failure to appear was due to her hospitalization. There is simply no evidence that her failure to appear was deliberate. Consequently, the Court cannot find that the Debtor's initial case was dismissed for her "willful" failure to abide by orders of the court, or to appear before the court in proper prosecution of the case. Therefore, section 109(g)(1) does not preclude the Debtor from continuing her present Chapter 13 case. As such, it follows that the automatic stay shall remain in effect as to this Debtor's property and the garnished funds should be remitted to the Chapter 13 Trustee.

With respect to the obligation owed Jones Furniture Company, it is clear from the statements of counsel and proof presented at the hearing that this obligation was incurred post-petition in the Chapter 13 case filed by this Debtor in 1980. Realizing that the instant proceeding does not involve confirmation of the Debtor's proposed plan, the Court will reserve any ruling on the proposed repayment of the Debtor's obligation to Jones. However, as indicated at the hearing, the Court is concerned that the scheduled amount due on this prior post-petition obligation is $2,000.00 and the plan proposes to repay only the current value of the collateral or $1,000.00 via $100.00 monthly payments to the Trustee while the Debtor's schedules reflect approximately $320.00 more in monthly income than monthly expenses.

As to the present issue of the Debtor's Chapter 13 eligibility pursuant to section 109(g), the Court holds, based on the above findings of fact and conclusions of law, that the Debtor is eligible to continue with her Chapter 13 case.

In light of the above, IT IS HEREBY ORDERED that the Motion of Jones Furniture Company to dismiss the Chapter 13 Petition or for relief from the stay as to the garnished funds is denied.