**In re Marie WILSON, Debtor.**

**Bankruptcy No. 90–00678–BKC–6C3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 2, 1990.

Andrew Baron, Orlando, Fla., for debtor.

Richard Palmer, Winter Park, Florida, trustee.

## ORDER SCHEDULING CONTINUED CONFIRMATION HEARING

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

■ THIS CASE came on for confirmation hearing on July 31, 1990. At that time, the Chapter 13 Standing Trustee reported to the court that the debtor had not paid the plan payment of $1,270.00 that was due on July 15, 1990. The trustee reported, as well, that the debtor was also delinquent an additional $339.00 of the plan payment that was due on June 15, 1990. Thus, the total delinquency was $1,609.00. Finally, the file affirmatively disclosed that the debtor's budget, including her proposed plan payment, exceeded her income by $117.00 per month.

On this record, therefore, the court would be unable to find, as a matter of fact, that the debtor is current under the plan and will be able to make all payments under the plan and to comply with the plan as is required for confirmation pursuant to Section 1325(a)(2) and (6) of the Bankruptcy Code. This constitutes a cause for dismissal. 11 U.S.C. § 1307(c)(5). The feasibility problem was made a matter of record by the trustee on April 23, 1990, in his praecipe for confirmation hearing, yet the debtor did nothing in over three months to cure the problem. The resulting delay in confirmation caused by this failure itself constitutes cause for dismissal. 11 U.S.C. § 1307(c)(1).

The court is gravely concerned that this may be another of a countless number of cases in which the debtor is urging confirmation of a plan when the facts unfortunately reveal that the debtor has no realistic prospect of successfully completing the payments under the plan. In this pattern, the debtor is unable to make payments, the case is dismissed, and the debtor then refiles one or more additional times before the debtor finally accepts reality and abandons the effort. The evil perpetrated by this pattern of euphoria and fail-

ure is that creditors are not paid and are prevented by the automatic stay from pursuing the collection of their just due. Mortgage creditors have frequently been put off for two years or more, with no payments at all, by a debtor's skillful use of an abusive pattern of filings, dismissals for non-payment, and refilings. This evil can be particularly abusive when mortgage creditors are involved who hold mortgages on properties that the debtor rents to tenants. Thus, the debtor's pattern of abuse not only illegitimately delays creditors when there is no realistic possibility of successfully completing a plan, but it also allows the debtor to profit by the collection of rent while preventing the mortgagee from collecting the mortgage.

■ Although the record developed at the July 31 confirmation hearing suggests to the court that this case fits precisely into this pattern of abuse, seen entirely too often in a countless string of other cases, the court nevertheless does not wish to prevent a debtor from having her plan confirmed if the facts, after being fully developed, reflect that this case does not fall into the pattern described by the court and instead permit a finding that the debtor will be able to make all payments under the plan and to comply with the plan.

Although the debtor offered no substantiation in support of her assertions, the debtor did state at the confirmation hearing that the delinquent payments "were in the mail" to the trustee. The debtor also stated that she had recently arranged to care for foster children and therefore would be receiving additional income not reflected in her Chapter 13 statement and budget.

From these statements, the court is concerned about the accuracy of the income and expenses information reflected in the debtor's budget and whether the plan payment that is allegedly "in the mail" has been made by leaving unpaid the other necessary expenses that are reflected in the budget. If the debtor paid the electric bill last month so she was unable to pay the trustee and then this month paid the trustee and did not pay the electric compa-

ny, the fact that the trustee may now be paid does not permit the court to confirm the plan.

In addition, there appears to be rental income from a rental property reflected in this case. The mortgage on the rental property is in default, and the debtor proposes to cure that default in the Chapter 13 plan. None of the details with regard to the source and breakdown of the debtor's income is set forth in the Chapter 13 statement, and the court is therefore unable to evaluate the effect on the plan of the rental property.

Despite the fact that the court orally announced at the July 31, 1990, confirmation hearing that it would deny confirmation and dismiss the case, the court has concluded that it should instead continue the confirmation hearing to August 28, 1990, at 11:30 o'clock a.m., in Courtroom 920, 135 West Central Boulevard, Orlando, Florida.

No later than ten days before the continued confirmation hearing, the debtor shall file an amended Chapter 13 statement that sets forth in detail and in an itemized fashion each element of her income and expenses. In addition, the debtor should be prepared to offer at the continued confirmation hearing documentary evidence to substantiate the income she claims, to substantiate the fact that her expenses as reflected in the budget have been paid current, and to substantiate that there are no delinquencies to creditors or utility providers reflected in the budget.

DONE and ORDERED.