**In re Charles Robert KING and Adrienne King, Debtor.**

**Bankruptcy No. 91 B 1427.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 23, 1991.

**778**

Clarence T. Naborowski, Burditt, Bowles & Radzius, Chicago, Ill., for Ford Consumer Finance Co.

Codilis & Associates, Oakbrook Terrace, Ill., for Household Bank.

Morris Haas, Chicago, Ill., for debtors.

Craig Phelps, Chicago, Ill., Chapter 13 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause came on for trial on the motion of Ford Consumer Finance Company f/k/a Meritor Credit Corporation (1) for dismissal of these Chapter 13 proceedings, or alternatively for modification of the automatic stay; (2) for an order enjoining Debtors from filing another bankruptcy proceeding within 180–days of dismissal; and (3) for sanctions, presumably under Bankr.R. 9011.[1] At the outset of trial, Movant by its counsel on the record withdrew the request for sanctions under Bankr.R. 9011. Following conclusion of trial held April 16, 1991, both sides having rested, and having considered the evidence admitted and argument of counsel, the Court now makes and enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On May 20, 1988 Ford Consumer Finance Company ("Ford"), formerly known as Meritor Credit Corporation, made a loan to Debtors in the amount of $250,010.68, which loan was secured by a note and mortgage on Debtor's residence commonly known as 1705 Sanders Road in Riverwoods, Illinois. The Ford mortgage was subordinate to a first mortgage made by Debtors on that residence, the first mortgage is now owned by Household Bank.

2. Monthly payments due on Debtors' account with Ford amount to $2,912.53. On January 23, 1991 the Debtors' account with Ford was 27 months in arrears.

3. On November 14, 1988, the first mortgagee Household Bank sued to foreclose its mortgage in the Circuit Court of Lake County, in Waukegan, Illinois, Case No. 88 CH 665. Ford was a party to that case. Judgment for foreclosure and sale was entered on August 15, 1990. The judgment found that Debtors owed Household Bank $69,717.93 and owed Ford $284,889.65.

---

1. Debtors filed three earlier cases in this District under the Bankruptcy Code, each being assigned to Judge Katz of this Court. Those cases are discussed hereinbelow. When the instant case was filed, Debtors failed to disclose their earlier filings, so the Clerk assigned this case at random to the undersigned instead of to Judge Katz as required under our related case rule. The U.S. Trustee was in the process of preparing a motion to transfer this case to Judge Katz on the eve of the trial date set by this Court. However that was also the eve of expiration of the 30–day period within which hearing on a motion to modify stay must be commenced. 11 U.S.C. § 362(e). Further, Judge Katz was about to leave the District to attend an education seminar and the undersigned was the Court's Emergency Judge to hear any emergency motions in his cases during that period. Consequently, this Court proceeded to trial and decision on a case that ordinarily would have been reassigned to Judge Katz.

4. Debtors have made no payments to Ford or Household Bank since the date of entry of the judgment for foreclosure.

5. Debtor filed their first petition for relief pursuant to Chapter 13 of the Bankruptcy Code on April 21, 1989 in this Court as Case No. 89 B 06740. On October 16, 1989, the Court dismissed that case because confirmation of Debtors plan had been denied. In that case, Debtors did not appear for Trustee's meeting as required, and paid nothing on their Plan to the Chapter 13 Trustee as required by law.

6. On December 1, 1989, only 46 days after the first Chapter 13 case was dismissed, Debtors filed their second petition for relief pursuant to Chapter 13 in proceedings known in this Court as Case No. 89 B 20374. Ford moved to dismiss that case or modify the automatic stay therein, citing as grounds violation of the $350,000 secured debt limitation under 11 U.S.C. § 109(e) and violation of the 180–day serial filing prohibition under 11 U.S.C. § 109(g). Debtors, represented by counsel, withdrew their Chapter 13 petition to avoid the sanctions then requested by Ford. At that time, Debtors knew that the amount of their secured debt exceeded $350,000. On April 5, 1990, those proceedings were dismissed.

7. Debtors waited six and one-half months before filing their next case. On October 26, 1990 (a little more than two months after the foreclosure judgment was entered in the state court, see Finding No. 3) Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code, as Case No. 90 B 19994. On January 14, 1991 that Chapter 11 proceeding was dismissed on motion of the U.S. Trustee under Section 1112(b) for failure of Debtors to file schedules of creditors and their Statement of Affairs. At that time, Debtors had detailed knowledge of their creditors and affairs, and were well able to file the requisite schedules and Statement. They willfully failed and refused to file same despite such knowledge and ability.

8. Only nine days later, on January 23, 1991, Debtors filed the instant case, which is their third petition for relief pursuant to Chapter 13. However, Debtors have in this case failed to make any payments whatsoever to the Chapter 13 Trustee on their Plan. Since filing the case, Mr. King has been regularly employed in a job that pays him at the rate of $90,000 per annum plus bonus and other benefits, and he has income from and assets in another company owned and managed by him. The Debtors are therefore well able to make payments due to the Trustee under their Plan filed herein which calls for payments of $2,760/month. They have willfully failed to do so despite knowing of their obligation to do so and having financial ability to do so.

9. Debtors have failed to make payments to either Household Bank or Ford since August, 1988. On January 23, 1991, when the instant case was filed, Debtors owed in excess of $350,000 to those secured creditors, as they well knew at the time.

10. On October 3, 1989, judgment was entered in the Circuit Court of Cook County, Illinois, in favor of one Jerry Jaeger against Debtors in the amount of $8,000 plus costs. Said judgment is a lien against the real estate of the Debtors by reason of a memorandum of judgment recorded with the Recorder of Deeds of Lake County. Debtors listed said creditor, Jerry Jaeger, in this action and stated that the balance due Jerry Jaeger was $11,394.90. That balance, plus the secured debt due to Household Bank and Ford, far exceed $350,000 in total secured debt.

11. Remarks of the Court at the conclusion of trial, and facts set forth in the Conclusions of Law, will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

1. Jurisdiction in this matter properly rests with the United States Bankruptcy Court, Northern District of Illinois, in that this motion to dismiss raises issues central to administration of Debtors' bankruptcy petition, and has been submitted along with

a motion to modify stay. Core jurisdiction therefore lies under 28 U.S.C. § 157(b)(2)(A) and (G).

2. Venue properly lies with this Court in that during the 180-days preceding their petition Debtors lived within this District. 28 U.S.C. § 1408(1).

### Ineligibility under § 109(e)

■ 3. Eligibility for relief under Chapter 13 of Title 11 U.S.C. is governed by 11 U.S.C. § 109(e). Under that provision, only an individual that owes noncontingent, liquidated, secured debts of less than $350,000 on the date of the filing of the petition may be a Debtor under Chapter 13.

4. On the date they filed this case, Debtors each owed, and still owe, noncontingent, liquidated secured debts totalling well in excess of $350,000. Debtors were not then and are not now eligible to be debtors under Chapter 13.

### Ineligibility under § 109(g)(1)

■ 5. Section 109(g)(1) of Title 11 U.S.C. provides that no individual may be a debtor under the U.S. Bankruptcy Code who has been a debtor in a case pending under the Code at any time in the preceding 180 days if the earlier case was dismissed by the Court for willful failure of the debtor to abide by orders of the Court, or to appear before the Court in proper prosecution of the case. 11 U.S.C. § 109(g)(1).

6. Debtors filed this Chapter 13 petition within nine days following dismissal of their Chapter 11 petition, case No. 90 B 19994.

7. In Debtors' Chapter 11 bankruptcy case No. 90 B 19994, Debtors willfully failed to appear before the court in proper prosecution of that case in that they failed and refused to file schedules of their creditors and their Statement of Affairs despite their knowledge of the information needed, despite knowledge of their obligation to do so, and despite having ample time within which to do so. Accordingly, they were ineligible to refile any case under Title 11 U.S.C. for 180 days after their earlier case was dismissed, pursuant to 11 U.S.C. § 109(g).

■ 8. (a) Subsection (g) of Section 109 of Title 11 U.S.C. was added in 1984 [2] as subsection (f), and later redesignated as subsection (g) in 1986.[3] Although Debtors here are not charged with having disobeyed any court orders in their cases, Section 109(g) makes ineligible for relief under any chapter of the Bankruptcy Code any debtor whose bankruptcy case *inter alia* was dismissed less than 180 days earlier than the current filing if dismissal was by the court "for willful failure of the debtor … to appear before the court in proper prosecution of the case." "Willful" in that provision means deliberate. *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). *United Bank of Southgate v. Nelson,* 35 B.R. 766, 770 (N.D.Ill.1983); *In re Nelkovski,* 46 B.R. 542, 544 (Bankr.N.D.Ill. 1985). A mere failure to make a payment or appear at a creditor's meeting or court hearing is not sufficient to sustain a finding of willful conduct. However, repeated misconduct supports an inference of willfulness. *Nelkovski,* 46 B.R. at 544.

■ (b) Section 109(g) does not merely require a debtor to come physically before the bankruptcy judge when the case is set. Willful failure "to appear before the court in the proper prosecution of the case" can also include a Chapter 13 debtor's willful failure to pay under his plan. *In re Patel,* 48 B.R. 418, 419 (Bankr.M.D.Ala.1985) and repeated failure to appear at the creditors meeting. Ginsberg, Bankruptcy § 2.02[a][6] and cases cited (2d ed.). *See*

---

**2.** See § 301 Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984, added as part of Subtitle A of the Amendments Act, the "Consumer Credit Amendments" which imposed restrictions on use by consumer debtors of the Bankruptcy Code.

**3.** See § 253 Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 1986.

also *In re Correa,* 58 B.R. 88, 90 (Bankr.N. D.Ill.1986) (Ginsberg, J.). "Congress clearly intended to deprive an individual debtor who filed a case and had it dismissed involuntarily for willful failure to appear at a creditors meeting or to follow court orders or to otherwise properly prosecute the case from seeking bankruptcy relief within 180 days after dismissal." *Correa,* 58 B.R. at 90, citing 130 Cong.Rec. S8894 (daily ed. June 29, 1984, Statement of Sen. Hatch.)

■ (c) In short, the § 109(g) phrase "willful failure of the debtor ... to appear before the court in proper prosecution of the case" includes willful and deliberate failure of debtors to perform their duties, whether in Chapter 11 to file schedules and Statement of Affairs, or in Chapter 13 to make Plan payments to the Trustee, or in any case to attend statutory meetings of creditors. The provision would not be the meaningful tool intended by Congress if "appear before the court" meant they could thumb their noses at their duties so long as they come into court on dates set. Accordingly, these Debtors were and are barred from filing this case under § 109(g).

### Bad Faith

■ 9. At the time of filing the instant petition for relief under Chapter 13, Debtors knew that they were not eligible for Chapter 13 relief, but nevertheless filed said petition in bad faith solely for the purpose of frustrating a foreclosing sale by the mortgagees. Also, Debtors have willfully failed to pay to Trustee the payments required of them under proposed Plan. Their filing of this case despite knowledge of their ineligibility, coupled with their failure to make payments to the Trustee, constituted bad faith and an abuse of the Bankruptcy Code. Strategic use of serial filings, particularly when coupled with failure to carry out debtor's duties in bankruptcy, shows lack of good faith justifying dismissal. *In re McKissie,* 103 B.R. 189, 191 (Bankr.N.D.Ill.1989) (Squires, J.).

10. In light of Debtor's bad faith and the history set forth herein, dismissal of this Chapter 13 case is in the best interests of creditors and the estate, and comprises cause for dismissal pursuant to 11 U.S.C. § 1307(c).

11. Debtors' willful failure to make payments to the Chapter 13 Trustee not only constitutes grounds for dismissal under 11 U.S.C. § 1307(c)(4), but also constituted "willful failure to appear" before this Court in proper prosecution of the instant case, within the meaning of 11 U.S.C. § 109(g). Because the omission was willful, it also constitutes a separate ground for dismissal under 11 U.S.C. § 109(g) for failure to appear before this Court in the proper prosecution of this case.

### Necessity for Injunction

■ 12. This case will by separate order be dismissed pursuant to 11 U.S.C. § 109(e), § 109(g)(1), and § 1307(c). Because grounds for dismissal lie under § 109(g)(1), Debtors will be ineligible for 180 days after the date of dismissal from refiling any petition for relief under any Chapter of Title 11 U.S.C. The statutory prohibition is jurisdictional and may not be lifted or modified by the Court. Remarks by the Court at the close of trial which anticipated the possibility of changed circumstances that might permit an earlier filing were appropriate to dismissal under § 109(e) and § 1307(c), but do not apply to this absolute statutory bar under § 109(g)(1).

13. Based on their prior conduct, it is likely that Debtors will disregard the statutory prohibition against their filing another petition for relief in order to delay their secured creditors, unless enjoined by this Court. Movant's remedy at law is not adequate, and Movant will suffer irreparable harm from any further harassing delay of the foreclosure sale. Under this circumstance it is necessary and appropriate that the Court exercise its authority under 11 U.S.C. § 105 to enjoin Debtors from refiling during the prohibited period, rather than rely on the statutory prohibition alone.

## CONCLUSION

14. Based on the foregoing reasons, by separate order this case will be dismissed and an injunction will enter barring Debtors, their agents and attorneys, from filing in any court any petition for relief under Title 11 U.S.C., the United States Bankruptcy Code, at any time within 180 days from the date of dismissal.