In re Nathan HOWARD, Robin
Howard, Debtors.

Bankruptcy No. 91–00350.

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Nov. 19, 1991.

Paul B. Deaton, Paintsville, Ky., for debtors.

Gordon B. Long, Salyersville, Ky., for Salyersville Nat. Bank.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on a Motion to Dismiss pursuant to 11 U.S.C. § 109(g)(1). The Motion was filed by Salyersville National Bank ("the Bank"), a creditor of the debtors, on September 16, 1991, and was heard on September 24, 1991. The debtors and the Bank were allotted briefing time, and both have filed briefs.

The Bank contends that the debtors' case should be dismissed pursuant to § 109(g)(1) which provides:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

The Bank's contention is based on the fact that the debtors had filed a Chapter 13 petition in this Court on May 9, 1990 (Case No. 7–90–00236). On the Motion of the Chapter 13 trustee, that case was dismissed by Order of this Court on April 26, 1991, for failure of the debtors to comply with their confirmed plan. The debtors filed the Chapter 7 petition now pending in this Court on July 26, 1991.

The Bank argues that in their Chapter 13 case, the debtors displayed flagrant disregard for the orders of the Court and failed to prosecute their case, requiring dismissal of this case. The record in the debtors' Chapter 13 case reveals that after the petition was filed, the case progressed in a timely manner. Their plan was filed on May 9, 1990, and they appeared at the first meeting of creditors on July 6, 1990. An Order Confirming Chapter 13 Plan was entered on August 28, 1990. On October 9, 1990, the Bank's Motion for Relief from the Automatic Stay was heard and overruled. An Order overruling the Motion was entered on October 17, 1990.

On November 6, 1990, the Bank filed another Motion for Relief from Automatic Stay, stating that pursuant to their confirmed Chapter 13 plan, the debtors were to cure five mortgage payment arrearages and pay their monthly mortgage payment outside the plan, beginning with the June 1990 payment. According to the Bank, the debtors had not cured any arrearages or made any mortgage payments, and were therefore in default pursuant to the terms of the confirmed plan. This Court lifted

the automatic stay on December 3, 1990. The trustee filed a Motion to Dismiss on April 8, 1991, on the ground that the debtors had not complied with the confirmed plan. At the hearing on the Motion to Dismiss, the attorney for the debtors appeared, but the debtors did not. This Court entered its Order of Dismissal on April 26, 1991.

The issue now before this Court is whether the debtors' actions in their Chapter 13 case constitute "willful failure to abide by orders of the court, or to appear before the court in proper prosecution of the case", thereby warranting dismissal of the instant case. The Bank contends that the debtors' failure to make payments pursuant to the confirmed Chapter 13 plan and their failure to personally appear at the hearing on the Motion to Dismiss brings them within the purview of that definition. The Bank does not cite any case law in support of its position.

Failure to pay under a confirmed plan was addressed in *In re Patel*, 48 B.R. 418, 419 (Bkrtcy.M.D.Ala.1985), wherein the court stated:

> Not all repeat petitioners whose cases are dismissed are ineligible. Mere failure to pay under a confirmed plan, even though payment under the plan is an order of the court, does not cause a former debtor to be ineligible. Ineligibility under Section 109(f)(1) [now 109(g)(1)] requires a finding of 'willful failure to obey an order of the court.' On a case by case basis, the court reviews the conduct of the debtor in previous cases to determine whether the totality of the circumstances constitute 'willful failure.'

Willful conduct is "conduct which is intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control ... A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.'" *In re Ellis*, 48 B.R. 178, 179 (Bkrtcy.E.D.N.Y.1985), cites omitted.

In the *Patel* case, the debtor had the ability to make payments under his confirmed Chapter 13 plan, but did not, and in fact improved his own net equity over a five year span while his creditors waited to be paid. The court found that he was ineligible to re-file. *In re Patel*, at p. 419. In the *Ellis* case, the debtor failed to file a completed plan and then failed to appear before the court on the return date of the order to show cause why her case should not be dismissed. The debtor, a "literate, articulate" employee of the City of New York, claimed that she was "ignorant" of her responsibilities in this regard. The court found that her failure to file her completed plan and appear at the show cause hearing was "intentional, deliberate and voluntary." *In re Ellis*, at pp. 179–180.

The conduct of the debtors herein does not fit the patterns of abuse demonstrated in the cited cases. Their filed affidavit states that they did not make payments under their Chapter 13 plan because they both became unemployed after their plan was filed and had no funds with which to make payments. In addition, they state that the attorney representing them at the time did not inform them that they could request a suspension of plan payments under those circumstances.

As concerns the debtors' failure to personally appear at the hearing on the Motion to Dismiss, it has been pointed out that "[a] mere failure to make a payment or appear at a creditor's meeting or court hearing is not sufficient to sustain a finding of willful conduct. However, repeated misconduct supports an inference of willfulness." *In re King*, 126 B.R. 777, 780 (Bkrtcy.N.D.Ill. 1991). These debtors do not appear to have engaged in "repeated misconduct".

In consideration of all of the above, it is therefore the opinion of this Court that the conduct of the debtors herein in their Chapter 13 case was not such as to bring them within the purview of 11 U.S.C. § 109(g)(1), and that the dismissal of their Chapter 7 case is not warranted. The Motion to Dismiss of Salyersville National Bank will be OVERRULED by separate order of this Court.