993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. WRIGHT, Debtor-Appellant,
v.
BANK OF LOUISVILLE, et al., Appellee.
 No. 92-2951.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided April 30, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 William A. Wright appeals from the district court's order affirming the dismissal of his petition for relief under Chapter 13 of the Bankruptcy Code. We affirm the dismissal pursuant to 11 U.S.C. § 1307(c).
 
 I. BACKGROUND
 
 2
 A brief overview of the history preceding the instant Chapter 13 petition is needed before we undertake an analysis of the dismissal appealed. On May 30, 1986, the Clark County Indiana Circuit Court entered judgment against Wright and in favor of the Bank of Louisville on certain unpaid real estate mortgages. Wright subsequently filed a Chapter 11 bankruptcy petition effectively staying a Sheriff's sale of the property, and precluding the Bank from executing on its judgment. Upon Wright's motion, the Chapter 11 proceeding was transferred to the Western District of Kentucky, because Wright, who was incarcerated, had been transferred to an institution in the Commonwealth of Kentucky.
 
 
 3
 Because of Wright's incarceration, a trustee was appointed to assist in administering the estate. The trustee contacted the debtor's designated agent, Wright's son, as well as Wright's former wife in an attempt to fulfill his obligations. Receiving no cooperation, the trustee filed a motion to dismiss the Chapter 11 proceeding with prejudice because he was unable to fulfill his duties. After a hearing on the motion, the bankruptcy court held that a debtor's refusal to cooperate with the trustee constituted "cause" for purposes of 11 U.S.C. § 1112(b) and dismissed the Chapter 11 proceedings on January 13, 1988. The debtor appealed from this order, but did not seek reinstatement of his Chapter 11 proceedings. The district court affirmed the bankruptcy court's dismissal, and the Sixth Circuit Court of Appeals affirmed the district court's order. Wright v. Unknown, No. 89-6369 (6th Cir.1990) (unpublished).
 
 
 4
 After the district court affirmed the Chapter 11 dismissal, a second Sheriff's sale was scheduled for October 16, 1989. On October 13, 1989, Wright filed a petition for bankruptcy under Chapter 13 in the United States Bankruptcy Court, for the Southern District of Indiana, New Albany Division, again effectively staying the pending sale. The creditor-appellee filed a motion to dismiss the Chapter 13 petition with objections to the debtor's proposed Chapter 13 plan. The bankruptcy court held a hearing on the motion and thereafter dismissed the debtor's Chapter 13 petition on two independent grounds. Order of August 16, 1990. Relying first on 11 U.S.C. § 109(g)(1), the bankruptcy court held that Wright was ineligible to be a "debtor" under the code because his Chapter 13 petition had been filed within one-hundred and eighty (180) days of the dismissal for cause of his Chapter 11 petition. In addition, the bankruptcy court concluded that Wright had not filed his petition in good faith and alternatively dismissed the petition pursuant to 11 U.S.C. § 1307(c). The district court affirmed the bankruptcy court's grounds for dismissal in full. Wright v. Bank of Louisville, No. 90-127-C (S.D.Ind., June 11, 1992) (unpublished). This appeal followed.
 
 II. ANALYSIS
 
 5
 Wright asserts that this appeal turns on one issue, the date of the final dismissal of the Chapter 11 petition. Appellant's Br. at 6. He argues that the bankruptcy court improperly determined the date that his Chapter 11 dismissal became final as August 28, 1989, the date on which the district court affirmed the bankruptcy court's dismissal. By relying on this date, Wright's Chapter 13 petition was filed only forty-nine (49) days after "dismissal" of his Chapter 11, rendering him ineligible for relief under title 11. 11 U.S.C. § 109(g)(1). Although Wright presents an interesting question concerning when the 180-day restriction on subsequent filings under title 11 commences,[1] his argument ignores the bankruptcy court's alternative independent basis for dismissal of his Chapter 13 petition for failing to file in good faith pursuant to 11 U.S.C. § 1307(c). Given the alternative basis for dismissal, we need not reach the issue of debtor eligibility under section 109(g)(1) in this case.
 
 
 6
 A debtor who files a petition for relief under the Bankruptcy Code without good faith demonstrates fundamental unfairness to his creditors and, more generally, indicates a subjective intent to unfairly abuse the spirit of the Bankruptcy Code. In re Love, 957 F.2d 1350, 1357 (7th Cir.1992). Recognizing the policy underlying a good faith requirement in filing a Chapter 13 petition, this court in In re Love, held that a lack of good faith can constitute sufficient cause for dismissal pursuant to 11 U.S.C. § 1307(c). 957 F.2d at 1354. The debtor is not obligated to prove his good faith in filing however. Rather, the burden of proof is upon the party moving for dismissal to show a lack of good faith in filing the Chapter 13 petition. Id. at 1355.
 
 
 7
 Determining whether the petition was filed in good faith requires a fact-intensive inquiry based upon the totality of the circumstances of the particular case involved. Id. A good faith finding made on consideration of the totality of the circumstances is reviewed under the clearly erroneous standard and will not be reversed unless on review of the entire evidence, we are left with the definite and firm conviction that a mistake has been made. Id. at 1354. Some of the factors considered relevant to determining if a Chapter 13 petition was filed in good faith include:
 
 
 8
 the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.
 
 
 9
 Id. at 1357. (citations omitted).
 
 
 10
 The evidence before the bankruptcy court revealed that a foreclosure judgment had been entered on certain real estate mortgages against Wright and in favor of the Bank of Louisville. In addition to appealing the foreclosure judgment, Wright filed a Chapter 11 petition only days before a scheduled Sheriff's sale was to take place, and effectively stayed the sale.
 
 
 11
 While the Chapter 11 proceedings were pending and after Wright's appeal of the foreclosure judgment was upheld by the Indiana Appeals court, he filed a pro se civil rights action under 42 U.S.C. §§ 1983, 1985 and 1986 against the State of Indiana, Clark County, five state judges, the county sheriff, county attorneys, the Bank of Louisville, and its attorney, claiming that the above defendants conspired against him in the foreclosure action. The district court dismissed the action and imposed Rule 11 sanctions, and we affirmed. Wright v. Indiana, 1992 U.S.App. LEXIS 11401, Unpublished Order (7th Cir.1992). We recognize that, regardless of how egregious, Wright's pre-petition conduct, standing alone, is not sufficient to preclude good faith. In re Ristic, 142 B.R. 856 (Bankr.E.D.Wis.1992). Nonetheless, a debtor's pre-petition conduct is relevant under the totality of the circumstances test to assess the debtor's motives at the time of filing. Love, 957 F.2d at 1359. This evidence coupled with the fact that Wright continued to dispute the Bank of Louisville's judgment in his petition for Chapter 13 relief, suggests that Wright filed bankruptcy for the purpose of avoiding the debt owed on the real estate mortgages.
 
 
 12
 After the district court of Kentucky affirmed the bankruptcy court's dismissal of Wright's Chapter 11 petition, Clark County officials scheduled an October 16, 1989 sale of the same property specified in the earlier foreclosure judgment in order to satisfy a tax claim to the Clark County taxing authority. Three days prior to the sale, Wright filed his Chapter 13 petition. Upon receipt of a motion to dismiss by the Bank of Louisville, the bankruptcy court conducted an evidentiary hearing and carefully examined the evidence before dismissing the petition. The court concluded that there was "no reasonable probability of a plan being confirmed, in that the Debtor's payments to his Chapter 13 Trustee are insufficient to service his loan obligations to his creditors." Order Aug. 16, 1990, at 2-3. The court further noted that Wright continued to dispute the Bank of Louisville's judgment, and had failed to make any provision for payment on the Bank's judgment. Id.
 
 
 13
 The bankruptcy court properly considered the information contained in the proposed plan in determining that Wright lacked good faith in filing his petition. Love, 957 F.2d at 1360-61; see also, 11 U.S.C. § 1325(a); Ristic, 142 B.R. at 861 (plan proposing to pay only small percentage of claim is factor to be considered in determining good faith); In re Wilson, 117 B.R. 714, 714 (Bankr.M.D.Fla.1990) (Where facts reveal no real prospect of successfully completing payments, court warned that allowing refiling after dismissal may only lead to abusive pattern of delaying collection); In re Williams, 51 B.R. 249, 251-52 (Bankr.S.D.Ind.1984) (Chapter 13 plan that did not adequately provide for unsecured creditors was not proposed in good faith). Chapter 13 should not be interpreted to permit "manipulation" of the statute by debtors who default on obligations grounded in dishonesty and who subsequently seek refuge in Chapter 13. Love, 957 F.2d at 1359; Ristic, 142 B.R. at 861. Wright admitted as much when he stated that his Chapter 13 had been filed to "reach the issue of taxes" and that he had "no intention of paying the other alleged creditors because he does not owe them." Order June 11, 1992, at 9 n. 1; see Love, 957 F.2d at 1361-62 (reviewing courts should consider "all" evidence in the record in determining whether a factual finding is clearly erroneous). Contrary to Wright's argument on appeal, this evidence, when coupled with the nonfeasibility of his proposed plan, is suggestive of bad faith and supports dismissal. See generally In re Lumber Exchange, 125 B.R. 1000, 1004 (Bankr.Mn.1991), aff'd, 134 B.R. 354 (D.C.Mn.1991), aff'd, 968 F.2d 647 (8th Cir.1992).
 
 
 14
 These findings, in conjunction with the timing of Wright's Chapter 13 filing, convinced the bankruptcy court that Wright had not filed his petition in good faith, but was "merely attempting to delay the collection attempts of his creditors." Order of Aug. 16 1990, at 3; see Love, 957 F.2d at 1357-58; In re King, 126 B.R. 777, 781 (Bankr.N.D.Ill.1991) ("Strategic use of serial filings, particularly when coupled with failure to carry out debtor's duties in bankruptcy, shows lack of good faith justifying dismissal"); In re Smith, 58 B.R. 603, 605 (Bank.W.D.Pa.1986) (multiple filings and filing immediately prior to sheriff's sales create an inference of abuse of the bankruptcy process). We discern no clear error in these findings.
 
 
 15
 Pursuant to 11 U.S.C. § 1307(c), we AFFIRM the dismissal of Wright's Chapter 13 petition with prejudice on the ground that these findings support a finding of bad faith.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Statements have been filed by both parties agreeing to submission of the appeal on the briefs and record
 
 
 [1]
 Neither the parties nor the courts below have cited any authority for determining the commencement of the 180-day period under section 109(g)(1) as the date that the district court affirmed dismissal of the Chapter 11 petition. Our research has likewise, uncovered no definite answer