**In re William Horace NIX, Debtor.**

**Bankruptcy No. 97–14001.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Jan. 29, 1998.

Clay McCormack, Jackson, TN, for Debtor.

Ted Hunderup, Humboldt, TN, for Hallmark Credit.

## MEMORANDUM OPINION AND ORDER RE HALLMARK CREDIT'S MOTION TO DISMISS WITH PREJUDICE

G. HARVEY BOSWELL, Bankruptcy Judge.

This Court conducted a hearing on Hallmark Credit's motion to dismiss with prejudice on January 8, 1998, pursuant to FED. R.BANKR.P. 9014. This is a core proceeding. 28 U.S.C. § 157(b)(2). After reviewing the testimony from the hearing and the record as a whole, the following oral bench ruling shall serve as the Court's findings of facts and conclusions of law. FED. R.BANKR.P. 7052.

The instant case was filed on October 15, 1997, and is the debtor's third bankruptcy filing in this district. The debtor's first bankruptcy case, case number 96–12893, was filed on September 6, 1996, and was dismissed on August 1, 1997, for failure to pay properly. The debtor's second bankruptcy case, case number 97–13044, was filed on August 15, 1997. This second case was dismissed prior to confirmation on October 1, 1997, for failure to make a payment within thirty days of filing the proposed chapter 13 plan. As a result of these previous dismissals, Hallmark Credit filed a motion to dismiss with prejudice in the instant case. In this motion, Hallmark alleges that the debtor, William Nix, is not a person entitled to bankruptcy relief under 11 U.S.C. § 109(g)(1). For the following reasons, the Court denies Hallmark's motion and finds that the debtor was not barred from filing the instant case under § 109(g)(1) of the Bankruptcy Code.

Section 109(g)(1) reads as follows:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

At the hearing on their motion, Hallmark alleged that the debtor's failure to make timely payments to the trustee's office in his two previous cases constituted "willful failure of the debtor to abide by orders of the court." The relevant case law concerning § 109(g)(1) uniformly acknowledges, or at least necessarily implies, that the failure to pay under a confirmed plan does act as a failure to abide by an order of the court. *In re Huerta*, 137 B.R. 356 (Bankr.C.D.Cal. 1992); *In re Herrera*, 194 B.R. 178 (Bankr. N.D.Ill.1996); *In re Howard*, 134 B.R. 225 (Bankr.E.D.Ky.1991); *In re Morris*, 49 B.R. 123 (Bankr.W.D.Ky.1985). It is, however, a closer question whether the pre-confirmation failure to commence making payments within thirty days of filing a proposed plan constitutes failure to abide by an order of the court under § 109(g). No courts have squarely addressed this precise issue. Because both 11 U.S.C. § 1326(a)(1) and the Western District of Tennessee's Standing Order number 97–0001 require these pre-confirmation payments to commence within thirty days this Court finds that failure to commence making payments within the thirty day time period does indeed qualify as a failure to abide by an order of the court under § 109(g)(1).

Despite this finding that failure to pay qualifies as failure to abide by an order of the court, the inquiry as to whether or not the debtor, William Nix, was barred from filing the instant case under § 109(g) is not complete. The Court must still decide if such failure to make payments in his previous cases was "willful," for it is only after this finding that a court has the authority to dismiss a case with prejudice under § 109(g). Although "willfulness" is not defined by the Bankruptcy Code, a number of courts have addressed the issue and have consistently held "willful" to mean "deliberate," "inten-

tional disregard," or "plain indifference." *In re King,* 126 B.R. 777 (Bankr.N.D.Ill.1991); *In re Howard,* 134 B.R. 225 (Bankr.E.D.Ky. 1991). Several courts have additionally stated that willfulness can be implied from repeated conduct of the debtor, e.g. failure to pay under each of several serial filings. *In re Herrera,* 194 B.R. 178 (Bankr.N.D.Ill. 1996); *In re Fulton,* 52 B.R. 627 (Bankr. D.Utah 1985). At least one court has prudently noted, however, that "[c]ourts have understandably been reluctant to attribute willfulness to a mere failure of a debtor to make payments...." *In re Madison,* 184 B.R. 686 (Bankr.E.D.Pa.1995). Rather, willfulness must be independently established.

In the instant case, no proof was presented by the movant that the debtor's failure to pay in his previous cases was willful, intentional, deliberate, or otherwise. In fact, no proof was introduced at the hearing at all. The only allegations Hallmark Credit made as to the applicability of § 109(g)(1) was in their motion. These allegations rested on the mere fact that the debtor's previous cases had been dismissed for failure to pay. There was no assertion, however, that these failures were willful. Without this proof, this Court is hesitant to impart a deceitful intent to a debtor and disqualify him from seeking bankruptcy relief for 180 days. To those persons who find themselves trapped in financial straits, this six-month ban can mean the difference between financial annihilation and survival. This court refuses to place debtors who have not been proven to have *willfully* failed to abide by an order of the court in this position. Doing so would only serve to cast them adrift on a sea of financial uncertainty without a lifeboat or a compass. As a result of this holding, the Court has no choice today but to deny Hallmark's motion to dismiss with prejudice.

### ORDER

It is therefore **ORDERED** that Hallmark Credit's Motion to Dismiss with Prejudice is **DENIED**.

**IT IS SO ORDERED.**