In re Curtis Lane MORRIS, Debtor.

BANK OF LOUISVILLE, Plaintiff,

v.

Curtis Lane MORRIS, Defendant.

Bankruptcy No. 3–84–02446(B).

United States Bankruptcy Court,
W.D. Kentucky.

April 2, 1985.

Stephen J. Tillman, Louisville, Ky., for Bank of Louisville.

Henry M. Burt, Louisville, Ky., for debtor/defendant.

James S. Goldberg, Lisa Porta, Louisville, Ky., for Cumberland Federal Savings & Loan Assoc.

William W. Lawrence, Louisville, Ky., Trustee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on motions by two secured creditors to dismiss this proceeding pursuant to 11 U.S.C. 109(f).

It is established that the present petition for Chapter 13 relief was filed November 9, 1984. A previous Chapter 13 petition was dismissed by this court on October 12, 1984 due to debtor's default of the plan payments. At issue is whether the present petition is permissible under § 109(f) which reads:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief

from the automatic stay provided by section 362 of this title.

Petitioning creditors allege that the debtor's failure to make plan payments as required in the Confirmation Order and subsequent dismissal invokes the restrictive provisions of § 109(f) in that said failure is a "willful failure of the debtor to abide by orders of the court."

It is unquestioned that debtor's failure to make payments as required was in derogation of his responsibilities under the Confirming Order. This finding, however, merely denotes the cause of the dismissal and does not definitively establish the "willful" standard of section 109(f).

It bears noting that every Chapter 13 proceeding is a voluntary petition for relief and any non-voluntary dismissal following Confirmation is for a technical non-adherence to the terms thereof. Such grounds for dismissal while justifying such action does not necessarily equate to a "willful" violation. Historically, debtors striving to address creditors' claims in a Chapter 13 extending over a prolonged plan term will experience impediments to their payment efforts. Unemployment, sickness, strikes, emergencies, the need to replace vehicles or appliances, (a non-exclusive litany of impediments), may impede or deter the debtors' best efforts. Whether such cause is a "willful" failure can best be ascertained by the Bankruptcy Judge entering the dismissal order. Such finding will clearly establish whether section 109(f) is applicable in a subsequent filing, allows all interested parties to know the collateral effect of the dismissal, and minimizes imposing of the automatic stay on a refiled case pending determination of whether § 109(f) applies.

■ It must further be recognized, even where section 109(f) does not preclude a refiling within 180 days of an earlier dismissal, the provisions of section 1325 must be met before the second plan will be confirmed. See *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982).

■ Applying the law to the facts here presented, the Court finds that the creditors have failed to establish that the earlier dismissal resulted from debtor's "willful" failure to obey court orders. Section 109(f) clearly qualifies its restrictions. Thus all dismissals within 180 days, even though technically based on noncompliance of a Confirmation Order, are not a bar to a new petition. More importantly, the dismissal must result from the "willful" failure of the debtor. Factors or conditions beyond the control of the debtor may necessitate dismissal but do not constitute the "willful" factor mandated in 109(f). It is well established that words of common usage must be given their clear meaning and not strained to achieve unintended results. As the debtor's brief notes, "willful" connotes an act done intentionally, deliberately, knowingly, and purposely, without justification or excuse. *Nunn v. Drieborg*, 235 Mich. 383, 209 N.W. 89; *Lobdell Car Wheel Co. v. Subielski*, 125 A. 462, 2 W.W. Harr. (32 Del.) 462.

Accordingly, the Motion to Dismiss pursuant to 11 U.S.C. 109(f) by the creditors be and it is hereby overruled. The remaining objections dealing with the confirmation of the proposed plan will be separately ruled upon.

The above constitutes Findings of Fact and Conclusions of Law pursuant to the Rules of Bankruptcy Procedure 7052, and a separate Order will be entered this date.