**In re Cynthia ELLIS, Debtor.**

**Bankruptcy No. 884–41799–18.**

United States Bankruptcy Court,
E.D. New York.

April 9, 1985.

Pinks, Feldman & Brooks, Melville, N.Y., for debtor.

Conroy, Giorgio, De Poto & Merritt, Syosset, N.Y., for Daya Cowen.

### DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On November 29, 1984, Cynthia Ellis (the "debtor") filed a petition for bankruptcy relief under Chapter 13 of the Bankruptcy Reform Act of 1978. This was the debtor's second Chapter 13 petition; her first petition was dismissed less than three months before this filing.

On December 6, 1984, a creditor of the debtor moved, pursuant to 11 U.S.C. § 109(f), to dismiss the debtor's petition.

### BACKGROUND

The debtor, a married woman employed by the City of New York as a Real Estate Tax Assessor, first filed a petition for Chapter 13 relief on June 8, 1984. In viola-

tion of 11 U.S.C. § 1321 and Bankruptcy Rule 3015, the debtor failed to file her Chapter 13 plan, thereby rendering her petition incomplete. On June 20, 1984, the debtor was notified by letter from the clerk of the court that the failure to complete her petition by June 27, 1984 could result in dismissal of her case. On June 27, 1984, the debtor's attorney applied to the court for an additional fifteen days to file the debtor's completed petition. This request was approved.

The debtor again failed to submit a completed petition. On August 1, 1984, the court served the debtor with an order to appear at a hearing on August 30, 1984 to show cause why her petition should not be dismissed. This hearing was adjourned and rescheduled for September 11.

On September 11, the debtor, who had still not submitted her completed petition, failed to appear. Accordingly, her petition was dismissed.

On November 29, 1984, less than three months after the dismissal of this petition, the debtor refiled for relief. On December 6, 1984, Daya Cowen (the "creditor") filed a motion to dismiss this second petition.

A hearing on the creditor's motion was held on December 20, 1984. At the hearing, the debtor acknowledged that this was her second filing within 180 days but argued that her conduct during the first proceeding was not within the scope of § 109(f). Specifically, the debtor contended that her failure to file a complete petition or appear before the court on the return date of the order to show cause was not "willful." The debtor claimed that she had had difficulty with her attorneys during the first proceeding and that they had withdrawn from the case. She claimed that she had failed to complete her first petition or appear at the hearing out of "ignorance" of her responsibilities and reliance on her attorneys and her husband to handle the matter. Transcript of hearing ("Tr.") at 18.

DISCUSSION

Section 109(f) is one of several amendments enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. It is designed to control abusive repetitive filings. See Statement of Senator Dole in 130 Cong.Rec. S.8894 (daily ed. June 29, 1984). In relevant part, the section provides that "no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if ... the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...."

The Code does not define "willful" but it is reasonable to assume that Congress intended that the term would have its usual legal meaning. Willful is generally used to describe conduct which is intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control. See, e.g., Kalb v. U.S., 505 F.2d 506, 511 (2d Cir.1974); Donovan v. Capital City Excavating Co., Inc., 712 F.2d 1008, 1010 (6th Cir.1983); Ala. Power Co. v. Federal Energy Regulatory Com'm., 584 F.2d 750, 752 (5th Cir.1978). A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated "plain indifference." See, e.g., Schonbek & Co., Inc. v. Donovan, 646 F.2d 799, 800 (2d Cir. 1981); Kalb, 505 F.2d at 511.

In the case at bar, the debtor was ordered to appear before the court on September 11, 1984 and show cause why her case should not be dismissed for failure to complete her petition. She does not contend that she was unable to appear at the September 11 hearing. Rather, she claims that she was "ignorant" of her responsibilities and relied upon her attorney and her husband to handle her petition.

The court finds that the debtor's testimony is not credible. The debtor and not her husband elected to file for bankruptcy relief. She is a literate, articulate woman who holds a responsible position with the City of New York. She had ample notice

of the court's order to appear on September 11; she was fully capable of understanding and comporting with this order. Her failure to obey the court's order and appear at this hearing was intentional, deliberate and voluntary.

 In summary, the court finds:

1. On September 11, 1984 the debtor's first petition for bankruptcy relief was dismissed when she: (a) willfully failed to abide by a court order to appear and show cause why her petition should not be dismissed, and (b) willfully failed to appear at a hearing before the court in proper prosecution of her case.

2. The debtor refiled for bankruptcy relief on November 29, 1984, less than 180 days after this dismissal.

Pursuant to § 109(f) the debtor is ineligible for bankruptcy relief. Debtor's petition is accordingly dismissed.

It is SO ORDERED.