**In re Rose CHMURA, Debtor.**

**Bankruptcy No. 85–00021.**

United States Bankruptcy Court,
D. New Jersey.

Feb. 20, 1986.

---

John W. Morris, for debtor.

William M.E. Powers, Medford, N.J., for Bowery Sav. Bank by Richard Minteer, Riverside, N.J.

Robert M. Wood, Standing Chapter 13 Trustee by Peter J. Broege, Red Bank, N.J.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

This matter is the result of a motion brought by Bowery Savings Bank (hereinafter referred to as "Bowery"), holder of a first mortgage on the residential property of the debtor seeking to dismiss the Chapter 13 plan for having filed within 180 days of a previous dismissal. Bowery claims that that dismissal in Docket No. 84–01803, was entered on October 17, 1984 for willful failure to abide by the orders of Court in violation of § 109(f) of the Bankruptcy Code 11 U.S.C. 109(f). The earlier case was dismissed October 11, 1984 while the instant case was filed on January 2, 1985, some 82 days later. The facts are not in dispute.

On April 15, 1984, debtor filed Docket No. 84–01803. On September 11, 1984, Bowery filed a motion seeking a dismissal or in the alternative, relief from the automatic stay for failure to make mortgage payments outside the plan as required un-der the plan as proposed by the debtor. On September 17, 1984, the trustee filed a motion for dismissal for failure to make pre-confirmation payments. No ruling was made on Bowery's motion, but the dismissal hereinabove referred to was granted on the trustee's motion.

The case having been dismissed, Bowery proceeded with its foreclosure of the debtor's premises and a sheriff's sale was scheduled for January, 1985. On January 2, 1985, one of the previous debtors, Rose Chmura, filed a petition. On January 17, 1985, Bowery filed a notice of motion for a dismissal pursuant to the provisions of § 109(f). After adjournment, the matter was heard on March 11, 1985. In connection with the hearing, the debtor filed a certification indicating that both she and her husband (with whom she had filed the earlier petition jointly), had had serious health problems and that all defaults and failure to pay were as a result of hospitalizations and financial and emotional hardship. This statement was reinforced by representations from her attorney who stated to the Court that he knew of his own personal knowledge as an officer of the Court that the debtor's medical history was due to "a series of medical problems that are almost unbelievable". (TR. 3/11/85, p. 4, L9–10) The statements of the debtor and her attorney are uncontroverted.

The Court reserved decision. The transcript was not filed until December 17, 1985, and this opinion constitutes a determination of the motion.

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353) (BAFJA) amended § 109 of the Bankruptcy Code to add a subsection (f). That section provides:

(f) Notwithstanding any other provisions of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed for willful failure of the debtor to abide by orders

of the court, or to appear before the court in proper prosecution of this case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The purpose of this amendment was to avoid and curb certain abuses attributed by Congress to repetitive filings. *See* Statement by Senator Orrin G. Hatch (R–Utah), 98th Congress, 2nd Session, 130 Cong.Rec. S. 8891 (daily ed. June 29, 1984) *reprinted in* 1984 U.S.Code Cong. & Admin.News 590, 597–98.[1]

The courts have uniformly held that a simple failure to pay, be it under a confirmed plan or, as a precondition to confirmation, is not, in and of itself, "willful failure". *In Re Patel,* 48 B.R. 418 (Bkrtcy. M.D.Ala.1985); *In Re Morris,* 49 B.R. 123 (Bkrtcy.W.D.Ky.1985); *In re Nelkovski,* 46 B.R. 542, 544–45 (Bkrtcy.N.D.Ill.1985); *In Re Pryor,* 54 B.R. 679 (Bkrtcy.D.S.C.1985).

Each of these cases starts with the presumption that there is no absolute prohibition against repetitive Chapter 13 filings. *In Re Johnson,* 708 F.2d 865 (2d Cir.1983) and each of the cases devotes itself to a determination of what constitutes willful failure.

In *In Re Ellis,* 48 B.R. 178 (Bkrtcy.E.D. N.Y.1985), Judge Parente found a willful failure. He also found that that debtor was a sophisticated businesswoman and that her excuse that her attorneys had failed to properly inform her was found to be testimony that was "not credible". 48 B.R. 179. In each of the other cases cited, some excuse on the part of the debtors was required to be put forth. In *Patel,* the court impliedly put the burden on the debtor to come up with some kind of reason. The debtor failed to do so and in fact his petitions showed a significant improvement in his net equity between the two petitions.

Thus the debtor failed to meet the burden and as in *Ellis,* the case was dismissed.

In *Morris,* on the other hand, the court placed the burden on the creditor to prove willfullness and held that the creditor did not meet that burden. In his discussion, however, Judge Brown alluded to the fact that if the debtor could show "[u]nemployment, sickness, strikes, emergencies, the need to replace the vehicles or appliances, (a nonexclusive litany of impediments) . . ." debtor should be allowed to continue. 49 B.R. at 124 (1985).

In the instant case, the debtor presented as affirmative proof a series of events striking at the very heart of the debtor's ability to comply with the appropriate court orders. The debtor did everything she could to avoid the situation, but no one can guard against the kinds of problems this debtor suffered. The fact that her husband did not join in the second petition was explained by the fact that his physical condition had deteriorated so badly that he would be unable to attend any court hearings or § 341(a) examinations.

To dismiss the petition and deny the protection of the law to a debtor who, like Job, was visited by misfortune almost beyond endurance would create a situation in which the entire purpose of Chapter 13 relief is undermined.

Although the legislative intent of Chapter 13 is clearly based upon an encouragement to individual debtors "to make greater voluntary use of repayment plans commensurate with each debtor's abilities." 5 *Collier on Bankruptcy,* ¶ 1300.02 at p. 1300–19,20 (15th ed. 1985). It must be recognized that a debtor in dire straights is entitled to relief. *See Morris, supra. See also* H.R.Rep. No. 595, 95th Cong., 1st Sess., 117–18 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The debtor having made out a prima facie case that failure to make payments was not willful and Bowery having made no showing to the contrary, it is hereby

**1.** Note that while not considered part of the legislative history of the Amendments, the floor statement does offer some insight as to what

basis this particular Senator voted. *See, Garcia v. U.S.,* 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984).

ordered that the debtor's petition, Docket No. 85–00021, be and the same is hereby permitted to continue.