**In re E.J. McIVER, Debtor.**

**E.J. McIVER, Appellant,**

**v.**

**Francis M. PHILLIPS, Appellee.**

**Civ. A. No. 4:85–1933–2.**

United States District Court,
D. South Carolina,
Florence Division.

April 2, 1987.

John A. Gaines, Florence, S.C., for debtor.

Pearce W. Fleming, Kligman & Fleming, Columbia, S.C., for Tran South.

HOUCK, District Judge.

This is an appeal from the order of the Honorable J. Bratton Davis, Bankruptcy Judge, filed April 25, 1985, dismissing appellant E.J. McIver's second Chapter 13 proceeding because he was not qualified to be a debtor under 11 U.S.C. § 109(f) of the Bankruptcy Code.

Section 109(f)(1) provides that no individual may be a debtor under the Bankruptcy Code if in the preceding 180 days he had been a debtor in a bankruptcy case that was dismissed by the court for "willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." This provision of the Bankruptcy Code was added in 1984 in an effort to control the problem of abusive repetitive filings. 130 Cong. Rec. S8894 (daily ed. June 29, 1984) (statement of Sen. Hatch).

The background for this dismissal begins with Mr. McIver's first Chapter 13 petition filed on February 9, 1984. The history of that proceeding is outlined by Judge Davis in his April 25, 1985 order as follows:

It is a matter of record that Mr McIver filed a Chapter 13 proceeding, case number 84–0211, on February 9, 1984. That case was dismissed on November 21, 1984 due to the debtor's failure to comply with the confirmation order and a subsequent order concerning payments to the trustee. The debtor did not deny that he had the ability to make the payments under the plan. The record reflects efforts by the trustee beginning in August, 1984 to have the debtor make regular payments. During the approximately nine and one-half months the previous case was open, no payments could be distributed to creditors due to the debtor's consistent failure to comply with court orders on payment. No request for a moratorium was filed.

Mr. McIver filed for Chapter 13 relief again on February 14, 1985, 76 days after the dismissal of his first case. The Clerk of the Bankruptcy Court, George Cauthen, and a creditor, TranSouth Financial Corporation, each moved to dismiss the second case. On April 25, 1985, the court granted the motion under 11 U.S.C. § 109(f)(1) and, at the same time, prohibited Mr. McIver from filing a petition for relief under Title 11 for 180 days from the date of said dismissal.

■ The scope of our review of the bankruptcy court's decision is dictated, in part, by Bankruptcy Rule 8013 which provides that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Legal questions, however, require this court to make an independent determination of the issues. *See In re Hill,* 472 F.Supp. 844, 845 (D.Kan.1979).

Appellant's first argument on appeal is that the bankruptcy court erred in finding the prior dismissal was due to the debtor's "willful" failure to obey court orders. It is undisputed that in the first Chapter 13 proceeding the debtor failed to comply with the court's confirmation order and a subsequent order concerning payments to the trustee, and that the case was dismissed. The only question is whether Mr. McIver's conduct was "willful" within the meaning of 11 U.S.C. § 109(f)(1).

■ The Bankruptcy Code does not define "willful," but the bankruptcy courts that have considered its definition within the context of section 109(f)(1) agree that the term "willful" should be given its usual legal meaning. *See In re Fulton,* 52 B.R. 627, 634 (Bankr.D.Utah, 1985); *In re Correa,* 58 B.R. 88, 90 (Bankr.N.D.Ill.1986); *In re Morris,* 49 B.R. 123, 124 (Bankr.W.D. Ky.1985). Accordingly, a debtor's conduct is "willful" within the meaning of section 109(f)(1) when it is "intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control." *In re Ellis,* 48 B.R. 178, 179 (Bankr. E.D.N.Y.1985). A willful failure to do a required act requires a showing that the person had notice of his responsibility and intentionally disregarded it or demonstrated "plain indifference." *Id.*

■ There is no persuasive evidence in the record to support a finding that the

debtor acted involuntarily or that he was confronted with circumstances beyond his control. To the contrary, the debtor's conduct throughout the first proceeding demonstrates at least a plain indifference to the orders of the court. Record of April 24, 1985 at 21–22.

Further, repeated conduct by the debtor strengthens the inference that his actions were deliberate. *In re Nelkovski*, 46 B.R. 542, 544 (Bankr.N.D.Ill., E.D.1985). In the second proceeding, the debtor did not pay the appropriate filing fees in a timely fashion, made blatant errors on his Chapter 13 application,[1] and, most importantly, failed to appear at the first meeting of the creditors held on April 9, 1985.[2] *Id.* at 3–5, 29.

In light of these circumstances, this court concludes that Mr. McIver's repeated failure to perform his court-ordered responsibilities under the previous plan constituted a "willful failure of the debtor to abide by orders of the court" under 11 U.S.C. § 109(f)(1). Therefore, we agree with the bankruptcy court that Mr. McIver was ineligible to be a debtor under Title 11, since the present proceeding was filed within 180 days from the dismissal of his previous case on November 21, 1984.

 Alternatively, the appellant argues that the bankruptcy court erred in prohibiting appellant from refiling for 180 days from the date of its order, April 25, 1985, instead of from the date of the previous dismissal, November 21, 1984. The appellant had no standing to be in bankruptcy court the second time and, therefore, he had no right to the automatic stay achieved by the mere filing of his second petition. The purpose of section 109(f)(1) is to prevent the refiling and reimposition of stays and controls under Title 11 where the prior performance of the debtor was willfully inconsistent with his responsibilities to the bankruptcy court. Although Mr. McIver was not a legitimate debtor under the Bankruptcy Code because of section 109(f)(1), he was still able to enjoy the automatic stay provision and delay a foreclosure sale until the dismissal of his second case. *Id.* at 19–20. It would be inappropriate to allow Mr. McIver to benefit any further from his second filing by ignoring the time he gained before its dismissal. Accordingly, we affirm the order of the bankruptcy court dismissing appellant's Chapter 13 proceeding pursuant to 11 U.S.C. § 109(f)(1) and prohibiting him from refiling under Title 11 for 180 days from the date of its order, April 25, 1985.

AND IT IS SO ORDERED.

---

1. For example, appellant's petition stated that he had not filed any previous bankruptcies, it did not give a complete answer to the Chapter 13 statement, and it did not include all of the names that the debtor had used in the past six years. Record of April 24, 1985 at 5.

2. The appellant's attorney represented to the court that they had experienced car trouble. *Id.* at 29.