**In re Carl F. MILLER, Debtor/Plaintiff,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MONESSEN, Defendant.**

**Bankruptcy No. 92–1462–BM.
Motion No. 92–2307M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 27, 1992.

**816**

Mark J. Shire, Shire, Bergstein & Galper, Monessen, Pa. for defendant.

Carl F. Miller, pro se.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

First Federal Savings and Loan Association of Monessen ("First Federal") has moved for dismissal of debtor's bankruptcy petition pursuant to 11 U.S.C. § 109(g)(1). It alleges that the present petition was improperly filed within 180 days of dismissal of a previous bankruptcy involving debtor which was dismissed for *willful* failure to obey orders of court. First Federal also seeks a determination that the automatic stay which was issued in the present case was void *ab initio* and therefore had no effect upon a Sheriff's sale of debtor's residence which took place on the day after the filing of the present bankruptcy petition.

Debtor opposes the motion and denies that the prior bankruptcy was dismissed for *willful* failure to obey orders of court.

The motion by First Federal will be granted. The present bankruptcy will be dismissed because it was brought in violation of 11 U.S.C. § 109(g)(1). Also, because this case was filed in violation of the Bankruptcy Code, the automatic stay issued in this case was void *ab initio* and therefore had no effect upon the Sheriff's sale which took place.

–I–

### FACTS

In June of 1966, debtor and Shirley Miller, his wife, executed a promissory note in the amount of $14,800 in favor of First Federal. The obligation was secured by a first mortgage against their residence.

In June of 1977, debtor and his wife executed another promissory note in the amount of $28,700 in favor of First Federal. This obligation was secured by a second mortgage against their residence.

Subsequent to June of 1977, debtor and his wife conveyed their interest in the residence to their daughters, Rebecca Leigh Miller and Susan Lynn Miller, while reserving for themselves a life estate.

The last payment by debtor and his wife on the above obligations to First Federal was made in July of 1988. They have in effect been living in their residence rent free for more than four (4) years.

First Federal brought a foreclosure action in state court in April of 1989. Default judgment subsequently was entered against debtor, his wife, and both daughters. A Sheriff's sale of the property ultimately was scheduled for May 10, 1990.

On May 9, 1990, the day before the sale was to take place, debtor and his wife filed a voluntary chapter 13 petition at Bankruptcy No. 90–1374–JLC. As a consequence, the Sheriff's sale was automatically stayed insofar as it pertained to the interest of debtor and his wife in the property. Debtors were represented by legal counsel throughout this particular bankruptcy proceeding.

On August 29, 1990, debtors filed a motion for voluntary dismissal of Bankruptcy No. 90–1374–JLC. Their motion was granted and the case was dismissed with prejudice on September 10, 1990.

After their chapter 13 petition had been dismissed, debtors attempted to have the judgment in foreclosure reopened in state court. Their petition to reopen the judgment was denied, which denial subsequently was affirmed on appeal.

Another Sheriff's sale of debtor's interest in the property eventually was scheduled for January 2, 1992.

On December 31, 1991, debtor and his wife filed a *pro se* voluntary chapter 7 joint petition at Bankruptcy No. 91–4786–BM.

The petition, which obviously had been hastily filed, was deficient, as certain required schedules and statements had not been appended to it.

That same day—i.e., on December 31, 1991—, debtors were served by the Clerk of the Bankruptcy Court with a document which stated in pertinent part as follows:

### NOTICE REGARDING DEFICIENT FILING

In accordance with the Amended General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings, the United States Trustee is deemed to have filed a Motion To Dismiss the bankruptcy case based upon deficiencies in the documents required to be filed by the debtor pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules. This motion will be granted and the case dismissed if the specified deficiencies on the reverse side are not corrected within 15 days, or within such further time as the court may allow by order. The debtor may file a Request For A Hearing on the Motion To Dismiss. However, a request for a hearing does not stay the due date for correcting any deficiencies.

The documents checked on the reverse side of this notice must be filed by the due date indicated, unless a Motion To Extend The Completion Date is filed.

This same notice stated on the reverse side that certain specified schedules, a declaration, proof of income, a statement of financial affairs, and a mailing matrix of creditors had to be filed with the court by January 15, 1992, "unless an order of court is granted extending time".

Debtor Carl F. Miller acknowledged receipt of the above notice by affixing his signature at the prescribed place on the reverse side of the document.

An order entering the automatic stay also was entered on December 31, 1991. As a consequence, the Sheriff's sale sched-uled for January 2, 1992 was automatically stayed insofar as it pertained to debtors' interest in the property.

Debtors did not file the necessary schedules and other documents by January 15, 1992, as they were required to do. Instead, they filed a motion on January 15, 1992 requesting an extension of time in which to file the required schedules and other documents. An order was issued by the court on January 16, 1992 allowing debtors until January 30, 1992 to file "all necessary schedules and documents".

Debtors did not file the necessary schedules and other documents by January 30, 1992. Accordingly, an administrative order dismissing the case was issued by the court on February 3, 1992. The order provides in pertinent part as follows:

### ORDER OF COURT

AND NOW, this *3rd* day of *FEBRUARY*, 1992, IT IS HEREBY ORDERED THAT, pursuant to the general order governing dismissal of cases for incomplete filings, the above-captioned case is DISMISSED for failure to file documents required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or Local Rules of the Bankruptcy Court for the Western District of Pennsylvania.

No appeal of this order was taken by debtors or by any other party.

Subsequent to the dismissal of Bankruptcy No. 91–4786–BM, First Federal once again initiated proceedings in state court against the property. A Sheriff's sale ultimately was scheduled for April 2, 1992.

Debtor, in an attempt to stop the Sheriff's sale, hastily filed on April 1, 1992 the *pro se* voluntary chapter 7 petition at Bankruptcy No. 92–1462–BM which is now before the court. Only fifty-eight (58) days had elapsed since dismissal of Bankruptcy No. 91–4786–BM.

Even though an automatic stay had been issued upon the filing of the bankruptcy petition, the Sheriff's sale set for the following day went forward as scheduled. The reasons why the sale went forward in light of the bankruptcy filing are not

known at this time. First Federal was the only bidder at the sale and purchased the interest of debtor and his wife in the property.[1]

The present petition was deficient in the same ways in which the petition filed on December 31, 1991 had been deficient. Debtor again was served by the Clerk of the Bankruptcy Court with the document described previously which notified him that the petition as filed was deficient. The reverse side of the notice specified the particulars of the deficiency and granted debtor until April 16, 1992 to file the specified schedules and other documents. Debtor acknowledged receipt of the notice by affixing his signature to the notice at the appropriate place.

Once again debtor failed to file the required documents by the appointed date. He instead filed a motion on April 28, 1992 requesting an extension of the period for filing them. An order was issued by the court that same day granting an extension until May 15, 1992.

In this case debtor complied with the order and filed the required schedules and other documents on May 15, 1992. The propriety and/or content of said schedules/documents is not at issue here.

On June 4, 1992, First Federal filed the Motion To Dismiss which is before the court at this time. First Federal argues that the present bankruptcy case should be dismissed because it was filed in violation of 11 U.S.C. § 109(g)(1). It also seeks a determination that the automatic stay effected by the filing of the present petition is null and void and that the Sheriff's sale conducted on April 2, 1992 consequently was not in violation thereof.

Debtor contends that the present bankruptcy proceeding is not in violation of 11 U.S.C. § 109(g)(1). He insists that Bank-

ruptcy No. 91–4786–BM was not dismissed on February 3, 1992 because of *willful* failure to obey orders of this court.

A hearing on First Federal's motion was conducted on July 29, 1992, wherein First Federal and debtor were given the opportunity to present whatever testimony and other evidence they considered appropriate.

–II–

## ANALYSIS

Section 109(g)(1) of the Code provides that no individual may be a debtor if they had been a debtor in a case pending under the Code at any time during the preceding 180 days and if the previous case had been dismissed for willful failure of the debtor to obey orders of the court or to appear before the court in prosecution of the case.[2]

It is undisputed that debtor in the present bankruptcy proceeding is an individual; that he had been a debtor in a previous bankruptcy case within 180 days of the filing of the present bankruptcy petition; and that the previous bankruptcy proceeding had been dismissed by the court because of debtor's failure to abide by orders of this court requiring the filing of certain schedules and other documents by a specified date.

The issue remaining to be determined is whether that dismissal was for "willful" failure to abide by orders of this court. If it was, the present case was filed in violation of 11 U.S.C. § 109(g)(1).

■ The Bankruptcy Code does not define "willful". Courts that have been faced with the need to construe the term agree that it should be given its usual legal interpretation. Conduct is "willful", for purposes of 11 U.S.C. § 109(g)(1), when it is intentional, knowing, and voluntary, as

---

**1.** *Debtor has brought a complaint at Adversary No. 92–0199–BM in which he asks that First Federal be held in contempt for violating the automatic stay. In light of the decision rendered herein, that adversary proceeding shall be dismissed.*

**2.** 11 U.S.C. § 109(g)(1) reads as follows:

(g) Notwithstanding any other provision of this section, no individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
(1) the case was dismissed by the court for willful failure to abide by orders of the court, or to appear before the court in proper prosecution of the case …

opposed to conduct which is accidental or beyond one's control. *See In re Ellis*, 48 B.R. 178, 179 (Bankr.E.D.N.Y.1985). A finding of willfulness in this regard requires a showing that debtors had notice of their responsibility and intentionally disregarded it or demonstrated "plain indifference". *See In re McIver*, 78 B.R. 439, 441 (D.S.C.1987).

■ The totality of the circumstances presented compel the conclusion that the failure to abide by orders of court in the previous bankruptcy was "willful".

Debtors knew that they were required to file certain schedules and other documents by a specified date and that failure to do so would result in dismissal of the case. Debtor Carl F. Miller signed an acknowledgement to that effect when he filed a deficient petition with the Clerk of Bankruptcy Court on December 31, 1991.

Also, debtors unquestionably understood what was required of them in this regard. In addition to affixing his signature to the above acknowledgement, debtor Carl Miller filed a motion on January 15, 1992, when the schedules and other documents were to be filed, requesting an extension of time. Debtor would not have sought an extension unless he understood what was required and the consequences of noncompliance. Moreover, debtor is a college graduate and has taught college-level courses of a community college. He has demonstrated a sophisticated understanding of matters pertaining to bankruptcy and an ability to express himself which would make him the envy of some attorneys who practice in this court. He knows how to file a "bare bones" petition so as to put in place the automatic stay. He knows how to file with the clerk without paying the filing fee and he knows how to extend time for making this preliminary payment. He can frame pleadings as well as artfully question on cross-examination. In short, he knows the ins and outs of the court system generally and this court specifically. His pleas to the contrary are at best disingenuous.

Despite debtors' recognition of the obligation to file the schedules and other documents by January 30, 1992, they did *not* file them. It was shortly after they had failed to do so that an order dismissing the case was issued on February 3, 1992.

The most reasonable inference is that the failure to comply with orders requiring debtors to file certain schedules and other documents was intentional or, at the very least, was the result of "plain indifference". It was not accidental or due to circumstances beyond debtors' control.

■ Debtor has not come forward with any credible excuse or justification for failing to obey the order of court, except to point out that he was proceeding as a *pro se* litigant. It is not clear what inferences may properly be drawn from the fact that debtors represented themselves in the previous bankruptcy. That fact, standing alone, does *not* excuse or justify debtors' failure to obey an order of this court. A *pro se* litigant has no less an obligation to obey court orders than does a litigant who is represented by counsel, especially when the order is not complicated or esoteric but in fact is simple and clear.

As noted, debtors in the previous bankruptcy unquestionably knew of their obligation to file schedules and other documents by a specified date and understood that failure to do so would result in dismissal of their case. What they apparently did not count on was the promptness with which their case would be dismissed. Their miscalculation in this regard was egregious. It is the policy of this court to take prompt action in such situations so that cases do not languish and remain open indefinitely.

Debtor makes much of the fact that the order of February 3, 1992 does not contain the word "willful". No significance is to be attached to the absence of the word "willful". The question whether the failure to abide by an order of court was "willful" was not before the court at that time. A finding to that effect was not required and therefore was not made.

An individual who has filed a bankruptcy petition in violation of 11 U.S.C. § 109(g)(1) is *ineligible* to be a debtor under the Bankruptcy Code. *See In re McIver*, 78 B.R. at

442. Accordingly, the present petition must be dismissed.

 It remains to be determined what effect, if any, the automatic stay issued as a result of the illicit filing of the present bankruptcy petition on April 1, 1992 had on the Sheriff's sale which took place on the following day.

The purpose of § 109(g)(1) of the Code is to *prevent* the reimposition of stays and controls under the Code when the prior performance of the debtor was willfully inconsistent with their responsibilities to the court. *See In re McIver,* 78 B.R. at 442.

 In light of this purpose, it would be a perversion of the bankruptcy process for an impermissible bankruptcy filing to have any effect whatever. A debtor who files a subsequent bankruptcy petition in violation of 11 U.S.C. § 109(g)(1) has *no standing* to obtain any relief from that filing, including the automatic stay. *See In re Smith,* 58 B.R. 603, 605 (W.D.Pa.1986).

It follows that the automatic stay which was issued on April 1, 1992 when debtor impermissibly filed the present bankruptcy petition was a nullity from the outset and had no effect upon the Sheriff's sale conducted on April 2, 1992. An automatic stay obtained by one who has no right from the outset to be a debtor in bankruptcy is null and void from the time of its issuance.

An appropriate order shall be issued.

## ORDER OF COURT

AND NOW at Pittsburgh this 27th day of August, 1992, in accordance with the accompanying Memorandum Opinion, it is ORDERED, ADJUDGED and DECREED that the Motion To Dismiss the above-captioned bankruptcy case filed by First Federal Savings and Loan Association of Monessen be and is hereby GRANTED.

IT IS FURTHER ORDERED that the automatic stay issued in the present case on April 1, 1992 was void *an initio* and·

that it had no effect on the Sheriff's sale which took place on April 2, 1992.