**In re Ronald PRUD'HOMME, Debtor.**

**Bankruptcy No. 193–17765–352.**

United States Bankruptcy Court,
E.D. New York.

Dec. 20, 1993.

Ronald Prud'Homme, debtor, pro se.

Berkman, Henoch, Peterson & Peddy by Lisa M. Mastrodomenico, Garden City, NY, for Citicorp Mortg., Inc.

### DECISION

MARVIN A. HOLLAND, Bankruptcy Judge:

Citicorp Mortgage, Inc., a secured creditor moves to: (i) dismiss this case pursuant to 11 U.S.C. §§ 109(g), 521, 1307(c)(1) and (3), 1321, and Fed.R.Bankr.P. 1007(c); (ii) to prohibit the Debtor from filing a further petition for a period of 18 months under 11 U.S.C. § 349(a), or alternatively, declaring that any subsequent filing will not operate as a stay against the Movant; or, (iii) granting the Movant relief from the automatic stay in the Debtor's case pursuant to §§ 362(d) and 1301(c)(3). Although duly served, the Debtor did not respond. The following findings of fact are taken from the undisputed allegations contained in the Movant's thorough, articulate, and· lucid papers.

### FINDINGS OF FACT

1. The Movant holds a Note dated April 12, 1990 made by the Debtor and Calnie Prud'Homme ("Co–Borrower") in the face amount of $162,000.00 secured by a mortgage upon property located at 144–31 226th Street, Rosedale, New York 11422.

2. The Debtor has defaulted on the payments under the Note by failing to make any payment due since June 1990. In April, 1991 the Movant commenced a foreclosure action.

3. Judgment of foreclosure was rendered on October 24, 1991 and a sale, originally set for March 6, 1992, was postponed to May 19, 1992.

4. On May 18, 1992, the Debtor, aware of the pending foreclosure sale, filed a chapter 13 petition which received Bankruptcy Number 92–14235 (the "First Filing"). The Foreclosure Sale was thereupon automatically stayed pursuant to Sections 362(a) and 1301 of the Code.

5. On October 8, 1992, the first filing was dismissed on the trustee's oral motion. A foreclosure sale was thereafter scheduled to January 20, 1993.

6. On January 19, 1993, on the eve of the rescheduled foreclosure sale, the Debtor filed with the Clerk of this court his second Chapter 13 petition under Bankruptcy Number 93–10400 (the "Second Filing"). Sale was again aborted in view of the automatic stays.

7. On April 30, 1993, the Trustee's motion to dismiss the Debtor's Second Filing was granted for the failure of the debtor to fulfill his Chapter 13 obligations by failing not only to make pre-confirmation payments but to file a feasible plan. The foreclosure sale was again rescheduled, this time for September 15, 1993.

8. On September 15, 1993, the Debtor filed his third Chapter 13 petition under file number 93–17765 (the "Current Filing"). Sale was again canceled out of concern for §§ 362(a) and 1301 of the Bankruptcy Code.

9. During the current filing, the Debtor has made no post-petition payments and neither the schedules required by § 521 nor the plan required by § 1321 have been filed, although the time limit set forth in Rule 3015 has long since expired.

10. The Movant has filed a proof of claim in the Debtor's case indicating an amount due the Movant of $231,523.20.

## THE RELIEF SOUGHT

This motion seeks several categories of relief: 1) a dismissal, 2) a prohibition against refiling, and/or 3) a termination of the automatic stay. Each will be separately discussed.

### I. Dismissal

The secured creditor seeks a dismissal based on (a) the Debtor's ineligibility pursuant to § 109(g); (b) for cause under § 1307(c)(3), predicated upon the Debtor's failure to file schedules as required by § 521 within the time required by Rule 1007(c), and his failure to file the plan required by § 1321 within the time required by Rule 3015, or indeed at all; (c) in accordance with § 1307(c)(1) for the Debtor's unreasonable delay prejudicial to creditors; and (d) for cause under § 1307(c) based on the Debtor's bad faith filing.

#### A. Dismissal Under § 109(g)

Section 109(g) provides that no individual may be a debtor within 180 days of the dismissal of a case "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." The Debtor's third filing occurred on September 15, 1993 some 138 days after the dismissal of the Debtor's Second Filing on April 30, 1993. The Movant asserts that the Debtor's failure to make pre-confirmation payments to the trustee was one of the reasons that the Debtor's petition was dismissed.

The Movant argues that the phrase "failure to appear before the court in proper prosecution of the case" includes failure of a Chapter 13 debtor to make payments to the Trustee, or failure to appear at the § 341 meeting. *In re Huerta,* 137 B.R. 356, 378 (Bankr.C.D.Ca.1992); *See also In re Bono,* 70 B.R. 339, 342 (Bankr.E.D.N.Y.1987). Movant maintains that Debtor is therefore ineligible to file, and the case should be dismissed.

#### B. Neither A Plan Nor Complete Schedules Have Been Filed

Section 1321 provides that the Debtor must file a Plan. Fed.R.Bankr.P. 3015(b) provides that "if a plan is not filed with the Petition, it shall be filed within 15 days thereafter, and such time shall not be further extended except for cause shown and on notice as the court may direct." The Movant asserts that the Debtor has failed either to file a Plan within the time required or to show the requisite cause for an extension to avoid dismissal pursuant to § 1307(c)(3).

Additionally, § 521 provides that the Debtor must file complete schedules, and Rule 1007(c) provides that when schedules are not filed with the Petition they shall be filed within 15 days thereafter and that such time shall not be further extended except for cause shown and on notice as the court may direct. The Movant claims that the Debtor has failed to file schedules within the time required and thus maintains that cause exists for dismissal pursuant to § 521. *Miller v. First Federal S. & L. of Monessen,* 143 B.R. 815, 819 (Bankr.W.D.Pa.1992).

#### C. Dismissal Based on § 1307(c)(1)

Section 1307(c)(1) provides in pertinent part that the court may dismiss a Chapter 13 case for unreasonable delay that is prejudicial to creditors. The Movant points out that in filing the instant petition the Debtor has again managed to frustrate the sale. It claims that the Debtor's failure to show any change in circumstances since dismissal of the earlier filings mandates a conclusion that delay was the sole purpose of the current filing. Accordingly, the Movant seeks a § 1307(c)(1) dismissal.

#### D. Dismissal Based on § 1307

Section 1307(c) empowers a court to dismiss a debtor's case "for cause." Although § 1307(c) enumerates 10 items which would constitute sufficient cause, this list, by its own terms, is not exclusive. *See 5 Collier on Bankruptcy,* § 1307.1[4] (15th Ed.1986).

Some courts have held bad faith to be "cause" under § 1307(c) sufficient to warrant dismissal. *In re Setzer,* 47 B.R. 340, 344 (Bankr.E.D.N.Y.1985); *In re Pryor,* 54 B.R. 679, 680 (Bankr.D.S.C.1985). These holdings have relied upon the following factors: the debtor has but a single asset; the debtor has few unsecured creditors whose claims are small in relation to the secured claims; the debtor's property is the subject of a foreclosure proceeding as a result of a default;

and the timing of the filing evidences intent to delay or frustrate legitimate efforts of the secured creditor. *In re East–West Associates,* 106 B.R. 767 (Bankr.S.D.N.Y.1989); *In re Nelson,* 66 B.R. 231 (Bankr.D.N.J.1986). The Movant asserts that in applying these criteria to the Debtor's case, a finding of "bad faith" is inescapable.

## II. The Debtor Should Be Barred From Refiling

The Movant further argues that the Debtor should be barred from filing a subsequent petition under Title 11 for 18 months following the dismissal of the instant case or, alternatively, that this court should declare any subsequent filing by the Debtor not operate to stay the Movant. Section 349(a) provides *"Unless the court, for cause, orders otherwise,* the dismissal of a case under this title does not bar the discharge" of a debt in a future filing or bar a subsequent refiling (emphasis added). A court may bar a subsequent filing or except a debt from the effect of a future filing for cause. *See, In re Frieouf,* 938 F.2d 1099 (10th Cir.1991), *cert. denied, Frieouf v. U.S.,* — U.S. —, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992); *In re Doss,* 133 B.R. 108, 110 (Bankr.N.D.Ohio 1991); *In re McKissie,* 103 B.R. 189, 193 (Bankr.N.D.Ill.1989); *In re Walton,* 116 B.R. 536, 541 (Bankr.N.D.Ohio 1990) (two year prohibition). Movant alleges that the Debtor's successive filings should bar the Debtor from invoking bankruptcy protection for a period of 18 months in order to allow the Movant sufficient time to conclude its foreclosure. At minimum, the Movant asks that any future filing by this Debtor not operate as a stay of enforcement of the Movant's Mortgage.

## III. Vacating the Automatic Stay

The Movant asks that in the absence of an immediate dismissal, the automatic stay should be vacated as to the Movant pursuant to §§ 362(d) and 1301(c)(3) of the Bankruptcy Code. It contends that the Debtor has failed to make a pre-petition mortgage payment in the amount of $1,706.00 due on the first day of September 1993 and post-petition payments in like amount due on the first day of each month thereafter, together with appropriate late charges. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the court shall grant relief from the stay imposed by § 362(a) "for cause, including the lack of adequate protection of an interest in property ..." The Movant asserts that cause exists by virtue of such failed mortgage payments. Failure to make post-petition mortgage payments may constitute "cause" to modify the automatic stay. *In re Frascatore,* 33 B.R. 687 (Bankr.E.D.Pa.1983).

Section 1301(c)(3) provides that the automatic stay of actions against a Co–Borrower of a Chapter 13 debtor may be terminated if the creditor seeking to enforce its interest would be irreparably harmed by the continuation of the stay. Movant argues that its interest is not adequately protected and thus the continuation of the automatic stay could produce such irreparable harm. Accordingly, the Movant requests that the automatic stay imposed under §§ 362(a) and 1301 of the Bankruptcy Code, be modified and terminated for cause, to permit continuation of the foreclosure action.

## DISCUSSION

The case is one of many filed in this and other bankruptcy courts by debtors who engage in multiple filings with no reasonable likelihood of success solely for the purpose of impeding the legitimate rights of a secured creditor. In the typical case schedules are not timely or indeed ever filed, the debtor does not participate in the proceeding, the debtor fulfills few if any of his or her statutory obligations, but invokes the automatic stay contained in § 362 nevertheless. In addition to the burden placed upon the secured creditor, the court is compelled to utilize its already overtaxed and limited resources to address and readdress a series of filings devoid of any legitimate purpose or prospect of success. The secured creditor has amply established justification for the relief sought. However, it would appear that the somewhat less drastic relief discussed below may be more appropriate:

▮▮▮  1. This case will be dismissed (a) pursuant to § 109(g) based upon (a) the Debtor's ineligibility; (b) for cause under § 1307(c)(3), predicated not only upon the

Debtor's failure to file schedules as required by § 521 within the time required by Rule 1007(c) but also upon his failure to file the plan required by § 1321 within the time required by Rule 3015, or indeed at all; (c) in accordance with § 1307(c)(1) for the Debtor's unreasonable delay that has prejudiced his creditors. The further ground for dismissal urged by the movant to wit: cause under § 1307(c) based on the Debtor's bad faith filing, is rejected since this court is unable to find good faith as a prerequisite to the filing of a Chapter 13 proceeding anywhere in the Code or Rules.

■ 2. That portion of the Movant's application seeking to vacate the automatic stay imposed by § 362 must be denied, although ample grounds to vacate the stay have been set forth. The sole reason for denying this relief to which the Movant would otherwise clearly be entitled, is that in the opinion of this court, the automatic stay is not invoked upon a filing by an ineligible debtor. Since § 362 is obviously part of Title 11, an entity's entitlement to the benefits of an automatic stay is just as obviously predicated upon that entity's entitlement to file a petition under Title 11. Where a debtor's lack of entitlement under § 109(g) is clear and unquestioned, the filing is void *ab initio* and there exists no automatic stay for this court to address. *In re Miller*, 143 B.R. at 820.

■ 3. As to the request that the Debtor be barred from filing a subsequent petition for 18 months and a declaration that any subsequent filing by the Debtor not operate as a stay as to the Movant, this court would be uncomfortable placing restrictions or conditions upon the exercise of rights which Congress appears to have granted unconditionally, particularly in the absence of specific statutory authority. I am aware that some courts have imposed such restrictions or conditions in rare instances where the necessity for such a result has been demonstrated and no other means were available to effect such relief. *In re Martin–Trigona*, 737 F.2d 1254 (2d Cir.1984). However, in view of the discussion to follow, such draconian relief is unnecessary. Moreover, such relief would not be obtainable in this court in the absence of an adversary proceeding. *See,* Fed.

R.Bankr.P. 7001. Lastly, it would appear that barring the Debtor from filing a subsequent petition for 18 months, one year more than the ineligibility period set forth in § 109(g), would be longer than actually needed by the Movant to complete its foreclosure. Besides, it is not possible to anticipate what conceivable changes of circumstance may bring this Debtor under the doctrine of *In re Mary Johnson*, 708 F.2d 865 (2d Cir.1983) during that time.

4. The legitimate ends of the secured creditor can be served without prohibiting a further filing beyond the expiration of the § 109(g) period. For that purpose, we will entertain a dismissal pursuant to § 349(b)(3) with a direction that upon such dismissal, property of the estate shall not revest in the Debtor. The effect of such an order upon a further filing would be to avoid the invocation of the automatic stay with regard to any property owned by the Debtor at the time he filed this case. Since the real property subject to the secured creditor's foreclosure action will remain property of the estate in the dismissed case, it would not meet any of the requirements of § 541(a) to become property of the estate in any subsequent filing, and therefore could not be subject to any future § 362 automatic stay. Furthermore, once the period of ineligibility set forth in § 109(g) has expired, should the Debtor experience a sufficient change in circumstances to warrant a proper, legitimate subsequent filing, the Debtor would not be prevented from doing so.

■ Due process, however, prohibits the consideration of such unrequested relief without affording the Debtor notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878). Should the secured creditor elect to seek a dismissal subject to the restrictions outlined above, it shall serve upon the debtor a copy of this decision together with a brief statement setting forth the specific relief which it is now seeking and file proof of service within fifteen days. Any opposition to such relief sought shall be in writing and shall be filed and served within two weeks thereafter.

Only in the event that opposing papers are filed, will a hearing be held at 9:30 a.m. on February 9, 1994 on the issues raised by the Debtor's opposition. In the event that no such opposition is so filed and served, the moving secured creditor may settle an order consistent with the foregoing. In the event the secured creditor elects to seek a dismissal without the revesting prohibition allowed by § 349(b), it may settle an appropriate order forthwith.