**In re Virgil HILDRETH, Diane Hildreth.**

**Bankruptcy No. 93–32228.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 8, 1994.

Charles Ewing, Hilliard, OH, for debtors.

Martin Hughes, Columbus, OH, for Fahey Banking Co.

Suzanne Cotner Mandross, Toledo, OH, Trustee.

## OPINION AND ORDER DISMISSING CASE WITH PREJUDICE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Virgil and Diane Hildreth's (the "Debtors") "Notice Of Dismissal" which this Court has treated as a motion to dismiss the Debtors' chapter 12 case under 11 U.S.C. § 1208(b) and the objections of Fahey Banking Company ("Fahey") thereto. Fahey has also moved that the Court sanction the Hildreths and their counsel Charles Ewing ("Ewing"), "Void Unauthorized Lien of Charles Ewing", order "Denial and Disgorgement of Attorney Fees" from Ewing, and order an "Examination of Debtors' Transactions with Ewing". The Court finds that the Debtors' chapter 12 case should be dismissed and, further, that the Debtors should be prohibited from filing a petition under title 11 for 180 days for failure to appear before the court in proper prosecution of their bankruptcy case. The Court further finds that Fahey's motion for sanctions against Ewing and the Debtors is not well taken and should be denied. Lastly, the Court finds that Fahey's motions to void lien, disqualify Ewing as Debtors' counsel, deny Ewing's fees and order disgorgement of funds, and to order an examination of the Debtors' transactions with Ewing should be dismissed as moot.

### FACTS

■ In deciding this motion, the Court takes judicial notice of the Debtors' bankruptcy schedules and of the June 8, 1993 hearing at which the Court dismissed the Debtors' prior chapter 11 case. *See Job v. Calder (In re Calder)*, 907 F.2d 953, 955, n. 2 (10th Cir.1990) (per curiam) (judicial notice of contents of statement of affairs and bankruptcy schedules proper); *In re Dooley,* 116 B.R. 573, 576 (Bankr.S.D.Ohio 1990) (court may properly consider record of prior adversary proceeding in deciding motion).

The Debtors' filed a bankruptcy petition under chapter 11 of title 11 on July 15, 1992 (the "First Petition"). The Court dismissed the First Petition at a hearing on June 8, 1993 because of the Debtors' unreasonable delay which was prejudicial to creditors under § 1112(b)(3) (the "Chapter 11 Hearing").

Subsequently on August 2, 1993, the Debtors filed the instant petition under chapter 12 ("the Second Petition"). The Court ordered that a confirmation hearing be held on December 22, 1993 for the Debtors' plan of reorganization (the "Order"). *See* Order dated November 9, 1993. The Order also required the Debtors to file a memorandum in support of confirmation (the "Memorandum") on or before 5 days prior to December 22, 1993.

The Debtors failed to file the Memorandum as required by the Order. Furthermore, on the date set for the confirmation hearing Ewing informed the Court that the Debtors would not be appearing at the confirmation hearing as they were voluntarily dismissing their chapter 12 case. On December 27, 1993, the Debtors filed a "Notice of Dismissal" with the Court.

As the Court previously noted at the Chapter 11 Hearing, the Debtors' continual failure to assign any value on their bankruptcy schedules to a remainder interest in 140 acres of land which they hold subject to the

interest of a 93 year-old life tenant is unjustifiable (the "Remainder Interest").

The Debtors have consistently failed to provide information as to the value of crops including corn, beans, and wheat (the "Crops") despite Mr. Hildreth's testimony at the Chapter 11 Hearing that he was able to estimate these values.

Moreover, as in the bankruptcy schedules filed with the First Petition, the Debtors have failed to provide any data as to the regular income and expenses from their farm business. *See* Schedule I; Schedule J. Again, the Debtors have failed to provide financial projections. *See* Schedule J.

## *DISCUSSION*

Applicable statutes:

Section 349 provides that:

[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title except as provided in section 109(f) of this title.

Section 109(g) provides that:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

 Section 1208 directs a bankruptcy court to dismiss a case under chapter 12 "[o]n request of the debtor at any time". 11 U.S.C. § 1208(b). Nonetheless, the Debtors' "Notice of Dismissal" misapprehends the nature of a dismissal under § 1208(b). This statutory provision is not self-executing upon the Debtors' notice to the Court. *See Graven v. Fink (In re Graven)*, 936 F.2d 378, 385

(8th Cir.1991) (noting that "[n]othing in subsection (b) requires that a court act immediately upon a debtor's request for a voluntary dismissal") (citation omitted).

In dismissing a bankruptcy case, § 349 permits a court "for cause" to bar the discharge of debts that were dischargeable in the bankruptcy case or to limit a debtor's filing of a subsequent petition pursuant to § 109(g). *See* 11 U.S.C. § 349(a); *see also Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1102 n. 3 (10th Cir.1991) *cert. denied Frieouf v. United States*, —— U.S. ——, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992) (stating that "[s]ection 109(f) was redesignated section 109(g) by the Bankruptcy Judges, United States Trustees and Family Farmer Act of 1986, Pub.L. No. 99–554. A conforming amendment to section 349(a) was inadvertently not enacted".).

### Dismissal Under § 109(g)(1)

 The Court finds that the Debtors' actions warrant dismissal under § 109(g)(1).

"[R]epeated misconduct supports an inference of willfulness". *In re King*, 126 B.R. 777, 780 (Bankr.N.D.Ill.1991) (citation omitted); *see also In re Miller*, 143 B.R. 815, 818 (Bankr.W.D.Pa.1992) (observing that "[a] finding of willfulness ... requires a showing that debtors had notice of their responsibility and intentionally disregarded it or demonstrated 'plain indifference'").

The Court placed the Debtors squarely on notice at the Chapter 11 Hearing that the information provided in their bankruptcy schedules did not satisfy their fiduciary duties to creditors or to this Court. Notwithstanding this admonition, the Debtors failed to assign any value to the Remainder Interest or the Crops in their bankruptcy schedules filed with the Second Petition. Significantly, the Debtors have again failed to provide this Court or their creditors with bankruptcy schedules which reflect their farm income or expenses. The Debtors have also failed to provide projected income and expenses figures in their chapter 12 bankruptcy schedules, just as they failed to provide such figures in their chapter 11 schedules. The Debtors' repeated failure to provide crucial financial data demonstrates a

"plain indifference" to their obligations under the Bankruptcy Code.

The Debtors' failure to comply with their financial reporting obligations along with the Debtors' failure to file the Memorandum represents both a willful failure to abide by orders of court and a willful failure to appear before the Court in proper prosecution of this bankruptcy case under § 109(g)(1). *See In re Neill,* 158 B.R. 93 (Bankr.N.D.Ohio 1993) (failure to submit court-ordered affidavit, attempt to mislead court as to amount of mortgage arrearages and evidence of bad faith warranted prohibition on filing petition for 180 days); *In re Berryhill,* 127 B.R. 427 (Bankr.N.D.Ind.1991) (failure to timely file operating reports, plan, disclosure statement, and tax return warranted dismissal under § 109(g)(1)); *see also In re Walton,* 116 B.R. 536 (Bankr.N.D.Ohio 1990) (prohibition on refiling petition for two years warranted in light of debtor's bad faith); *c.f. In re Pappalardo,* 109 B.R. 622 (Bankr.S.D.N.Y.1990) (debtors' recklessness indifference in failing to attend § 341 meeting which was scheduled in prior bankruptcy and failure to make any payments under prior proposed chapter 13 plan represented willful failure to abide by court orders and thus debtors' were barred from filing petition for 180 days).

The Court further views the Debtors' failure to appear for the confirmation hearing as a willful failure to appear before the Court in proper prosecution of this bankruptcy case.

**Sanctions Under Bankruptcy Rule 9011**

Lastly, the Court finds that Fahey's motion for sanctions against the Debtors and Ewing is not well taken and should be denied. Dismissal of the Debtors' bankruptcy case is, indeed, a harsh sanction. Moreover, Fahey has not persuaded the Court that an award of monetary sanctions against Ewing is warranted.

In light of the foregoing, it is therefore

ORDERED that Virgil and Diane Hildreth's motion to dismiss their chapter 12 case be, and it hereby is, granted. It is further

ORDERED that Virgil and Diane Hildreth shall not file, and the Clerk of Court shall not accept from Virgil and Diane Hildreth for

filing, another petition for relief under the Bankruptcy Code for 180 days from the date of this opinion and order. It is further

ORDERED that Fahey's motion for sanctions against Virgil Hildreth, Diane Hildreth, and Charles Ewing be, and it hereby is, denied. It is further

ORDERED that Fahey's motions to "Void Unauthorized Lien of Charles Ewing", to "Disqualify [Ewing] as Debtors' Counsel", for "Denial and Disgorgement of Attorney Fees" and "For Examination of Debtors' Transactions with Ewing" be, and they hereby are, dismissed as moot. It is further

ORDERED that notice of the dismissal of this chapter 12 case shall be mailed to all creditors and parties in interest.